THE ASTCA INVESTMENT COMPANY, A CORPORATION DULY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, AND ALEX ST. CLAIR-ABRAMS, *Appellants*, v. THE COUNTY OF LAKE, H. R. FERREN, CHAIRMAN, J. C. HETHCOX, W. H. RICHEY, G. F. REVELS, J. W. GAUSE, ALL AS COUNTY COMMISSIONERS OF THE COUNTY OF LAKE, STATE OF FLORIDA, AND GEORGE E. HELLER, *Appellees.*

Order Filed December 15, 1922.

Where an appeal is duly taken from an order denying a temporary restraining order to prevent the destruction of bearing citrus trees for the purpose of constructing a public highway and it is duly made to appear to the Supreme Court that the growing citrus trees are of such a nature and peculiar value that in order to preserve the essential nature, value and usefulness of the land, until the merits of the appeal can be adjudicated, the trees should not be destroyed or removed, this court by virtue of the power conferred by Section 5 of Article V of the State Constitution to issue "all writs necessary or proper to the complete exercise of its jurisdiction," may grant an appropriate restraining order to preserve the corpus of the property pending the determination of the appeal.

Restraining order and injunction issued to remain in force pending the further order of this court.

*Alex. St. Clair-Abrams*, for Appellants;

*T. G. Futch* and *Duncan & Hamlin*, for Appellees.

PER CURIAM.—An appeal having been entered herein from an order denying a temporary restraining order to prevent the defendants from entering upon or cutting any bearing citrus trees through the grove upon the land described in the bill of complaint for the purpose of con-

structing a public highway, and it appearing to the court
that the growing citrus trees upon the land in controversy
are of such a nature and peculiar value that in order to pre-
serve the essential nature, value and usefulness of the land,
until the merits of the appeal can be adjudicated, the trees
should not be destroyed or removed, therefore it is, by vir-
tue of the power of this court conferred by Section 5 of Ar-
ticle V of the State Constitution, to issue "all writs neces-
sary or proper to the complete exercise of its jurisdiction,"
hereby considered, ordered and decreed that the defend-
ants, their successors, agents and employees are hereby re-
strained and enjoined from entering upon or cutting any
bearing citrus trees in the grove upon lands of the Astca
Investment Company, and from entering upon or cutting
through the lands of the complainant, Alex. St. Clair-
Abrams which lands of said two complainants are described
as follows:

"Beginning at the southwest corner of section fifteen
(15) of township nineteen (19) south of range twenty-six
(26) east, and running thence east on the south boundary
of said section, twelve (12) chains and eighty and one-
fourth (80¼) links; thence north seventeen degrees and
thirty (17°30″) west thirty-four (34) chains and fifty (50)
links to the margin of Lake Eustis; thence following the
traverse of said Lake southwesterly to the west boundary of
section fifteen (15), thence south on the section line to the
southwest corner of the section, thirty-one (31) chains and
fifty (50) links, by the original measurement to the point of
beginning, and containing twenty-seven (27) acres, more or
less.

"Also lot one (1) of section sixteen (16) of township
nineteen (19) south of range twenty-six (26) east, less one
(1) acre in the southwest angle sold to W. W. Niles and a
tract of seven seventeen-one hundredths (7.17) acres sold to

N. B. Harden and adjoining the Niles tract on the east, containing (less these two pieces) fifty-four (54) acres, more or less.''

''The NW¼ of the NE¼ of section 21, township 19 south of range 26 east and also an additonal lot adjoining being a portion of NE¼ of NE¼ of section, township and range aforesaid, and comprising 10 acres more or less, making in all 15-28/100 acres, and being further described as beginning at a post on the north boundary of section 21, township 19, south of range 26 east, Lake County and State of Florida, 10 chains west of the NE corner of the section, township and range aforesaid, and running thence south 10 chains, west 10 chains, thence south to a point intersecting a compromise line, dividing the property of W. W. Niles and A. J. Lane, thence north 35 degrees, five minutes west to the section line, thence easterly on the section line aforesaid 19 94/100 chains to the point of beginning, and containing 15 28/100 acres more or less. Also the following described property—beginning at a point on the south boundary of section 16, township 19, south of range 26 east, 29 chains west of the southeast corner of the said section, and running thence as follows, viz.: North 4 and 70/100 chains to the shore of Lake Eustis, thence north 43 degrees, east 3 and 26/100 chains, thence south 67 degrees 10 minutes, east 18 and 19/100 chains to a post 10 chains west of the southeast corner of section 16, and containing 7 17/100 acres.''

This restraining order and injunction shall remain in force pending the further order of this court.

All concur.