WILLIAM SPAFFORD AND W. H. PRUYN, JR., *Petitioners,* v.
BREVARD COUNTY, FLORIDA, BY E. C. JOHNSON, JOHN B.
RODES, GEO. G. BROCKETT, P. W. ROBERTS AND JOHN E.
REED, COUNTY COMMISSIONERS OF SAID COUNTY, AND
THE STATE ROAD DEPARTMENT OF THE STATE OF FLORIDA,
*Respondents.*

## En Banc.

## Opinion Filed August 11, 1926.

## Petition for Rehearing denied November 9, 1926.

1. The organic provisions that all men have the inalienable
   right of possessing and protecting property; that the right
   of trial by jury shall be secured to all, and remain inviolate
   forever; that no person shall be deprived of life, liberty or
   property without due process of law; that private property
   shall not be taken without just compensation; that all courts
   in this State shall be open so that every person for any
   injury done him in his lands, goods, person or reputation
   shall have remedy by due course of law, are designed to
   protect the secured rights of persons against unconstitu-
   tional invasion by the State as well as from violation by
   other governmental agencies and individuals.

2. Even if the State of Florida may appropriate private prop-
   erty in the State for public purposes without first paying or
   securing the compensation therefor that has been ascertained
   by a jury of twelve men, as is required of all corporations
   and individuals by Section 29, Article XVI of the Constitu-
   tion. Chapter 10118, Acts of 1925, makes the State Road De-
   partment a body corporate and provides that the right of
   eminent domain conferred upon such corporation, shall be
   similar to that conferred upon counties; and counties, being
   quasi-corporations, exercise the right of eminent domain sub-
   ject to Section 29, Article XVI, therefore condemnation pro-
   ceedings by or for the State Road Department, a corporation,
   under Chapter 10118, Acts of 1925, are subject to the require-

ment of such organic section that full compensation as ascertained by a jury of twelve men shall be first paid or secured by the deposit of money before private property may be appropriated to public roads.

3. Section 2, Chapter 10118, Acts of 1925, is inoperative to authorize the State Road Department, a corporation, to enter upon and utilize lands sought to be condemned for road purposes, upon the deposit of twice the value of the lands as fixed by the Circuit Judge upon affidavits as to such value, since such portion of the statute violates Section 29, Article XVI of the State Constitution which provides that no private property nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made or secured by deposit of money, which compensation shall be ascertained by a jury of twelve men.

4. An order authorizing the appropriation of land of an individual to a public use, is to that extent such a final order as will warrant the issuance of a writ of certiorari to test the validity of the order.

A Writ of Certiorari to the Circuit Court for Brevard County; W.. W. Wright, Judge.

Order quashed.

*Shepard & Wahl,* for Petitioners;

*B. A. Meginniss and M. B. Smith,* for Respondents.

PER CURIAM.—The Constitution of this State provides that: "No person shall be  *  *  *  deprived of  *  *  * property without due process of law."  Sec. 12, Declaration of Rights.

"No private property nor right of way shall be appropriated to the use of any corporation or individual until

full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation or individual, shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law." Sec. 29, Art. XVI, Const.

Section 2, Chapter 10118, Acts of 1925, authorizing condemnation by the State Road Department, a corporation, is as follows: "That upon the filing of the petition provided for in Section 1505 of the Revised General Statutes, the said Department shall have the right to enter upon the lands or property sought to be taken and proceed to the construction of the State road or bridge for which said lands or property are necessary. Provided, however, that the right and authority in this Section conferred shall not attach unless and until said Department shall have first secured to the owner of said property full compensation therefor, by depositing with the Clerk of the Circuit Court of the County in which said petition is filed, double the amount of the value of said property as fixed by the Judge of said Court based upon affidavits of not less than three disinterested freeholders owning property in the vicinity of that sought to be taken."

In condemnation proceedings the following order allowing lands to be taken or appropriated was made by the Circuit Judge:

"This cause came on to be heard this day upon the application of the Petitioner for an order fixing the value of the property sought to be taken, and providing that when the value so fixed shall be deposited with the Clerk of the above styled court, that the State Road Department shall have the right to enter upon the land sought to be taken and proceed with the execution of the work for which said

lands are necessary, and it appearing to the court that a petition to condemn the property described therein was filed June 17th, 1926, and the court having heard and considered the same upon said petition and the several affidavits presented and filed this date, and being fully advised in the premises, it is thereupon ordered, adjudged and considered that the value of said property be, and the same is hereby fixed by this court in the sum of $350.00 Dollars.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that if and when compensation for the lands described in the petition in these proceedings is secured to the owner thereof, by depositing with the Clerk of the Circuit Court of the County in which said Petition is filed, double the amount of the value of said property as above fixed, the State Road Department shall thereupon have the right to enter upon said lands, or property sought to be taken and proceed to the construction of the State Road or Bridge for which said lands or property are necessary."

A writ of certiorari was issued by the court. A restraining order pending the certiorari was issued by this court under Section 5, Article V, Constitution. Astca Inv. Co. v. Lake County, 86 Fla. 639, 98 South. Rep. 824; Peacock v. Feaster, 52 Fla. 563, 45 South. Rep. 1038.

Section 29, Article XVI of the Constitution expressly provides that no private property nor right of way shall be appropriated * until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; * which compensation * shall be ascertained by a jury of twelve men." Section 2 of Chapter 10118 above quoted clearly conflicts with the organic mandate, and therefore is inoperative, rendering the order made thereunder ineffectual to authorize the appropriation of the lands sought to be condemned. The remainder of

Chapter 10118, Acts of 1925, is not affected by the elimination of Section 2 thereof.

It is argued that the quoted Section 29, Article XVI, of the Constitution is not applicable where the State seeks to condemn lands for public purposes. But this is at once met by the provisions of the organic section which applies to all corporations, and by the terms of Section 1, Chapter 10118, providing that the State Road Department "is hereby declared, for the purposes of this Act, to be a body corporate, and the procedure shall be that prescribed and set forth in Section 1503 et seq., Chapter two (II), title nine (IX) division one (1) of the Revised Statutes of Florida, prescribing the procedure for condemnation by counties and the same rights and powers shall accrue to said Department under such procedure" &c. It thus clearly appears that the statute intended the right of eminent domain granted therein to the State Road Department to be no greater than that granted to counties for the condemnation of lands for rights of way for public roads; and counties are required to so exercise the statutory right of eminent domain as to comply with Section 29, Article XVI of the State Constitution.

The constitution secures the inalienable right of "possessing and protecting property" and provides that "the right of trial by jury shall be secured to all and remain inviolate forever;" no person shall be * deprived of * property without due process of law; nor shall private property be taken without just compensation;" and that "all courts in this State shall open, so that every person for any injury done him in his lands, &c.* shall have remedy, by due course of law."

These provisions secure individual rights against unconstitutional invasion by the State as well as from violation by other governmental agencies and individuals.

The State has by statute made its instrumentality, the State Road Department, a corporation, and expressly limits the status of such corporation in the exercise of the right of eminent domain, to that of counties which do not have sovereign exemptions that inhere in the State, •thus limiting the rights of the State Road Department to those exercised by a governmental agency without soverign powers, thereby making the rights exercised subject to the provisions of organic law.

Having limited the rights of the State agency, the provision of the statute purporting to authorize an appropriation of land for road purposes before compensation therefor has been ascertained by a jury as required by Section 29, Article XVI of the Constitution, is inoperative, even if the State itself may directly appropriate property before the compensation therefor has been ascertained and paid or secured by deposit of money as is required by the quoted organic provision.

The order herein purports to authorize the taking of lands for public road purposes before the compensation therefor is ascertained by a jury, and as to this property right, vital under the constitution, the order is final, and therefore the order is regarded as so far final as to warrant the issuance of a writ of certiorari to test its validity.

The order is quashed.

BROWN, C. J., AND WHITFIELD, ELLIS, STRUM, AND BUFORD, J. J., concur;

TERRELL, J., not participating.