## In re ROBERTS MIN. & MILL. CO.

### No. 561.

District Court, D. Nevada.

Feb. 21, 1936.

Hawkins, Mayotte & Hawkins, of Reno, Nev., for debtor.

James T. Boyd, of Reno, Nev., for respondents.

NORCROSS, District Judge.

Pending the final disposition of a petition of certain creditors for an involuntary adjudication of the debtor as a bankrupt, debtor filed its petition for reorganization under the provisions of section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). Upon presentation of such petition, an order was entered approving the petition as properly filed and generally in accordance with the prayer of said petition. The petition for reorganization was filed November 12, 1935, and on December 21, 1935, debtor's plan of reorganization was filed. Since the filing of the petition a number of questions have been presented for consideration.

The order approving the petition as properly filed included an order directed to certain parties referred to in the petition in accordance with the following, among other, portions of the prayer thereof: "9. That the proper process of this court issue to * * * and that they be directed and permitted to appear herein within a reasonable time fixed by the court and to be heard in connection with each and all of the matters in this petition set forth; and that in the event they so fail to appear, this court enter its order, decree and judgment, finding and declaring the said persons, and each thereof, to be without right, title, or interest in and to the properties, things and matters, and each thereof, in this petition set forth and referred to; and be perpetually enjoined from interference with the

said referred to properties, rights, and/or of the business of this debtor."

In response the parties referred to filed what is entitled "Answer of Respondents to Order to Show Cause, and to Petition of Debtor for Reorganization," being a pleading of fifty typewritten pages, besides twenty-three pages of exhibits attached.

To this answer debtor served notice of motion to strike the major portion thereof, and upon the hearing also suggested the propriety of striking the entire answer, and accordingly made such additional motion. Some criticism, we think justified, has been directed to the magnitude of the said answer. However, the petition of debtor embraces thirty pages, the major portion of which is devoted to allegations which are claimed to account for the lengthy answer.

That portions of the answer should be stricken we think is without serious question. Just the extent that the said motion to strike should be granted may depend upon a similar action respecting certain allegations of the petition. There is no pressing necessity for a determination of all these motions at this time. The motion to dismiss the entire answer should be, and is at this time, denied.

A petition has also been presented upon behalf of the debtor for an order requiring certain of the parties who filed the answer above mentioned "to appear and exhibit claims, if any, to certain property of debtor; for an inquiry into and determination of the nature and bona fides, etc., of said claims, if any; for determination that said referred to claims, if any, are invalid, merely colorable, etc.; * * * and for general relief."

Debtor's petition for reorganization sets out a list of "the assets held and claimed by said debtor," which list includes a certain patented mining claim, named Emma E., also "Mill house, mill machinery, mining tools and implements, trucks and ore." Later it appears from the petition that title to this particular property is claimed by others, and that suits are now, and for some time prior to filing the petition for reorganization have been, pending in the state district court in and for Eureka county, to quiet title and recover possession of said property by debtor. The said petition for an order requiring certain parties "to appear and exhibit claims," etc., has reference to the property above mentioned. The latter petition has exhibits attached from which it appears that the said suits by debtor to recover possession and quiet title were instituted approximately a year and a half prior to filing the petition for reorganization. It does not appear from debtor's petitions what effort has been made upon the part of the debtor as plaintiff in said actions to bring the same to trial. The statement, however, appears from a letter attached as an exhibit to the petition under consideration that the claim is made by the attorney for the defendant, or one of the defendants, that he "has tried in every way to bring these actions to trial."

In a proceeding in bankruptcy where property claimed to be a part of the bankrupt estate is held adversely to the trustee, the court may proceed summarily to determine whether the adverse claim is fictitious or clearly ungrounded, or whether it is sufficiently real and substantial to entitle the claimant to litigate the issues in a separate plenary suit. If, however, both the title of the debtor and its right to possession are denied, a separate and independent suit must be brought by the trustee seeking possession. Where, as in this case, it appears that the record title is in defendant or defendants and that the title and right of possession of certain property has been in controversy and has been adversely held for many months, and suits have been pending to determine questions respecting such title and right of possession, a situation is not presented justifying or authorizing a summary proceeding to determine whether a defendant or defendants in such a pending action or actions has or have at least a colorable defense thereto. American Finance Co. v. Coppard (C.C.A.) 45 F.(2d) 154; In re Chicago, R. I. & P. Ry. Co. (C.C.A.) 72 F.(2d) 443, 451; Jurisdiction of the Court in Proceedings Under Section 77B by Gerdes, 266.

From the authority last cited we quote: "The 'exclusive jurisdiction' granted by section 77B extends only over 'the debtor and its property,' not over all the property claimed by the debtor. This exclusive jurisdiction, therefore, does not extend over property in the possession of adverse claimants. If both the title of the debtor and its right to possession are denied, a separate and independent suit must be brought by the trustee seeking possession."

The petition for the said order "to appear and exhibit claims, if any, to certain property of the debtor, * * * and for general relief," is denied.