M. J. HOUGH AND MINNIE J. HOUGH, APPELLANTS, *v.* ROBERTS MINING AND MILLING COMPANY, RESPONDENT.

No. 3210

April 5, 1938.                    78 P. (2d) 102.

*James T. Boyd,* for Appellants:

*Hawkins, Mayotte & Hawkins,* for Respondent:

## OPINION

By the Court, TABER, J.:

In April 1934, respondent, as plaintiff, commenced civil action No. 2330, against appellants and others, in the Third judicial district court, Eureka County. By said action respondent sought, among other things, to have its title quieted to the Emma E patented lode mining claim, located in Mill canyon, Cortez mining district, in said Eureka County. This case was afterwards tried, and on June 27, 1936, said district court rendered its decision in favor of plaintiff. Formal written judgment was filed December 15, 1936. By this judgment is was decreed, inter alia, that respondent was, and ever since June 9, 1934, had been, the owner of and entitled to be vested with full title to and possession of said mining claim. A motion for a new trial was denied August 15, 1936. Notice of appeal from said judgment and order denying a new trial was served and filed, and undertaking on appeal filed, all in the first week of October 1936. Said appeal is now pending in this court.

On May 24, 1937, said district court, on application of appellants' attorney, made an order fixing $10,000 as the amount of a bond to stay execution of said judgment. On the same date a stay bond in said amount was filed.

On November 27, 1937, appellants filed their petition in this court, alleging, among other things, that, after the filing of said stay bond, respondent, about August 1, 1937, commenced mining and extracting ores, and taking the same from the said mining claim, and taking valuable ores from the dumps situated on said claim, and hauling them away and milling them; that said mining claim is valuable principally for the ores contained therein, that the taking and extracting of ores therefrom was materially reducing the value of said mining claim, and that when said ore is extracted said claim will be of little or no value; that respondent was

continuing to mine and extract such ores, and would continue so to do unless restrained by this court; that respondent was insolvent, and petitioners without any adequate remedy in the premises except such relief as might be granted by this court; that petitioners are entitled to the possession of said mining claim pending said appeal, and to have said claim kept in status quo until the final determination thereof.

Pursuant to said petition an order to show cause and restraining order were issued and made on said 26th day of November 1937. On December 10, 1937, respondent filed its plea, response, and answer to said order to show cause, and the matter was heard on December 16, 1937.

Respondent presents at least six reasons why petitioners are not entitled to any relief. We shall take up such of these contentions as we think call for any discussion. Before doing so it is well to point out that we are not disposed to make an order that petitioners be given possession of the Emma E. We shall consider only whether an order should be made restraining respondent from mining or extracting ore on that property.

■ Respondent's first contention is that this court is without power or jurisdiction to make such an order because, at the time the petition was filed and the order to show cause issued, the mining claim in question was, and still is, in custodia legis—the bankruptcy court, through its agents, being the custodian, and its jurisdiction being paramount and exclusive. To understand this position it is necessary to point out that prior to November 12, 1935, certain of respondent's creditors filed a petition in the United States district court, district of Nevada, for an involuntary adjudication of the debtor (respondent) as a bankrupt. Before the final disposition of said creditors' petition, respondent filed its petition for reorganization under the provisions of section 77B of the bankruptcy act, as amended, 11 U. S. C. A.

sec. 207. In this petition respondent listed among the assets "held and claimed" by the debtor, said Emma E mining claim. Upon presentation of the petition, the court ordered it approved. Respondent claims that under said action 77B the order of approval conferred paramount and exclusive jurisdiction over its property upon the bankruptcy court, and that by reason of certain provisions in the order of approval the Emma E mining claim was included in said property. But later, in said bankruptcy proceedings, respondent, the debtor, presented a petition for an order requiring certain of the parties who had answered the petition for reorganization to appear and exhibit claims, if any, to certain alleged property of the debtor, including said mining claim. This petition was denied by Hon. Frank H. Norcross, United States district judge for the district of Nevada, in Re Roberts Min. & Mill. Co., 16 F. Supp. 424. While it is true, under title 11, section 207(a) U. S. C. A., that, upon approval of a petition by a corporation for reorganization, the bankruptcy court shall, during the pendency of the proceedings under said section, have exclusive jurisdiction of the debtor and its property for the purposes of said section, we are satisfied, on the authority of the opinion above cited, that exclusive jurisdiction of the Emma E claim has not been conferred on the bankruptcy court as the result of respondent's institution of said reorganization proceedings, as both the title of respondent to and its right to possession of said mining claim are denied by the Houghs, and are among the important issues presented to this court in the appeal in this case. The Houghs claim, adversely to respondent, that title to and right to possession of the Emma E claim is in them. The "exclusive jurisdiction" granted by section 77B extends only over "the debtor and its property," not over all the property claimed by the debtor. In re Roberts Min. & Mill. Co. supra, citing Gerdes on Jurisdiction of the Court in Proceedings under section 77B.

Respondent further contends that, entirely aside from the question of exclusive jurisdiction in the bankruptcy court, this court was and is without jurisdiction to grant the relief asked by petitioners, for the reasons that its jurisdiction is essentially appellate, and to grant the relief prayed for would be an exercise of original jurisdiction which the court does not possess—this case not being one of those in which this court is authorized to grant injunctive relief. Furthermore, argues respondent, to grant such relief in this case would be to restrain acts of a litigant, whereas appellate jurisdiction is limited to preventing the trial court or its officers from proceeding to enforce the judgment appealed from, and does not contemplate a trial of the litigant except by and through the record made in the trial court.

In this case petitioners have perfected an appeal from the judgment of the district court, and have furnished a stay bond which protects respondent against damages it may suffer by reason of the appeal. If respondent is permitted to mine and extract ores from the mining claim in question, irreparable damage may result to petitioners should their appeal be successful, especially if, as they allege in their petition, respondent is insolvent. To prevent such possible damage, to preserve the status quo pending the appeal, and to prevent its jurisdiction being made ineffective, this court, no other adequate relief being available, has the inherent power to restrain respondent from mining or extracting ores from said mining claim. Finlen v. Heinze, 27 Mont. 107, 69 P. 829, 70 P. 517; Astca Inv. Co. et al. v. Lake County et al., 86 Fla. 639, 98 So. 824; Helms Groover & Dubber Co. v. Copenhagen et al., 93 Or. 410, 177 P. 935; 4 C. J. S., Appeal and Error, 1105, sec. 621; 4 C. J. S., Appeal and Error, 1118, 1119, sec. 632; 8 Bancroft's Code Practice and Remedies, 8719, 8721, sec. 6598. If Roberts Mining & Milling Company were not a party or privy to the judgment appealed from, a different question would be presented.

■ There is another reason why, as contended by respondent, no relief should be granted petitioners in this proceeding. They had, says respondent, parted with all interest in the Emma E claim long before their petition herein was filed, and so could not be injured by any acts of respondent in extracting ores from that claim. But this is a controverted matter. It is controverted in their answer as well as in their present petition. Petitioners insist that they still retain their interest in said mining claim, and that Mr. Hough's assignment to Mr. Biltz was simply for the purpose of raising money with which to meet certain specified expenses. In view of petitioners' said denial, and their continuing claim of interest in said claim, we think this issue one which cannot properly be determined in this particular proceeding.

It is ordered and adjudged that until further order of this court said Roberts Mining & Milling Company, its agents and employees, and its president, Belle McCord Roberts, its secretary, G. A. Smith, and C. L. Tibbals and C. M. Hanselman, agents or employees, and all other agents and employees of the said Roberts Mining & Milling Company, be, and they are hereby restrained and enjoined and forbidden to operate the said Emma E mining claim, or to mine or extract any ores or take any ores either from the mine or from the dumps situated on the said Emma E mining claim.