PER CURIAM.
Having appealed from a judgment of the circuit court denying leave to amend an alternative writ of mandamus, and dismissing their mandamus action, appellants, who are officers and employees in the police department of the City of North Miami, now petition this court to issue a constitutional writ under § 5 of Article 5 of the Constitution, F.S.A., asserting the need of such a writ to preserve the subject matter of the controversy, pending the decision of this appeal.
The appellants, as relators in the mandamus in the circuit court, had sought a mandatory order requiring the city to repeal a resolution for transfer of police functions to the county government and to make provision for continuing the relators in the city’s employ. Following an initial dismissal, the proffered amended alternative writ involved also an effort to compel the city to revise its budget ordinance for the ensuing fiscal year to provide funds for the continued employment of relators.
Under § 5 of Article 5 of the Constitution this court has jurisdiction to issue all writs “necessary” and all writs “proper” to the “complete exercise” of its jurisdiction (as does the Supreme Court under § 4 of Article 5 of the Constitution). Therefore, it is within the province of this court to grant a writ of the character prayed for by appellants, if it is found that the granting of such writ is “necessary” or “proper” to the complete exercise of its jurisdiction to decide the matter brought here on appeal. The reasons which properly may prompt the exercise of that power and the showing which must be made to authorize issuance of such a writ are set out in the opinion of the Supreme Court in the case of Paramount Enterprises v. Mitchell, 104 Fla. 407, 140 So. 328, 330, where the Supreme Court said:
“As a preface to an adjudication of the main question, we are confronted here with an application for temporary restraining order pending the disposition of the cause on appeal, said application being grounded on that provision of section S of article 5 of the Constitution of Florida, which empowers this court to ‘issue * * * all writs necessary or proper to the complete exercise of its jurisdiction.’
“We have considered applications for ‘writs’ under this provision of the Constitution, injunctive in their nature, in the following cases: Cohen v. L’Engle, 24 Fla. 542, 5 So. 235; Jacksonville Electric Light Co. v. City of Jacksonville, 36 Fla. 229, 18 So. 677, 30 L.R.A. 540, 51 Am.St.Rep. 24; Wheeler v. Meggs, 75 Fla. 687, 78 So. 685; Astca Investment Co. v. County of Lake, 86 Fla. 639, 98 So. 824; and Stewart v. Thursby, 103 Fla. 1201, 137 So. 7; Maxcy, Inc., v. Mayo, Com’r, 103 Fla. 552, 139 So. 121; Wester v. Belote, 103 Fla. 976, 138 So. 721.
“The net result of our holding in these cases is to the effect that this court is not clothed with original jurisdiction of the writ of injunction, that in equity cases it has appellate jurisdiction only, that by virtue of the quoted provision of the Constitution it is empowered to and may issue injunctive or any other writs essential to the complete exercise of its jurisdiction, but that it will not invoke the power so granted except in cases carefully investigated and a showing made that the writ sought is indispensable to-protect the rights of the party seeking it, or that the law affords no other *94 remedy, or that some constitutional or statutory provision is about to be violated, or that the rights in litigation are of such peculiar or intrinsic value or nature that the facts of the case make it imperative that they be held in status quo pending the adjudication of the cause on appeal.”
During the pendency in the circuit court of the mandamus action which is involved in this appeal, an injunction was entered by the circuit court preserving the status quo. It becomes apparent that the writ sought here, though it might be injunctive in form, would have the effect of compelling action by the city as to the handling of its police department and its budget contrary to the administrative determination of the governing body of the city, and in a manner which has been rejected by the ■circuit court through its dismissal of the mandamus, and prior to any adjudication of the appeal by this court.
Extraordinary relief of such drastic ■character as that which is requested by this application for constitutional writ •should never be granted except in cases of ■extreme urgency where it is made to appear to the appellate court that the constitutional writ should be issued in advance of a determination of an appeal on its merits in ■order that appellants may not suffer irreparable injury during the interim between the entry of appeal and the final decision of the appellate court.
On examination of the petition and the matters in the record submitted in connection therewith, and after having heard ■oral argument on the application, we are impelled to the conclusion that the application for such writ fails to disclose that, ■under the circumstances of this case, it is either necessary or proper to the complete exercise of the jurisdiction of this ■court on the present appeal, that a writ of the drastic character prayed for should be issued, and, therefore, the petition of appellants for a constitutional writ under § 5, Article 5 of the Constitution should be, and hereby is denied.
Constitutional writ denied.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.