CHARLES CARROLL, Chief Judge.
The City of Miami Beach, defendant in a case in the circuit court of Dade County, having appealed from an interlocutory injunction order, with the benefit of an automatic stay as provided for in the case of an appeal by the city from a “judgment, decree or order” under § 59.14 Fla.Stat., F.S.A. and the equivalent Rule 5.12 F.A.R., 32 F.S.A., being uncertain as to the extent of the effect of its supersedeas, and specifically whether it would operate to permit the city, with impunity, to act in contravention of the injunction pending its appeal therefrom, petitioned this court for a constitutional writ to make the supersedeas thus fully effective. Upon hearing argument on the petition, after notice, this court denied the petition by an order filed December 19, 1968, in which order it was stated that an opinion would be filed.
Under enabling provisions of an act of the legislature (Ch. 67-930) the City of Miami Beach imposed a “municipal resort *349 tax” on room rentals of places of business designated in the statute, and by ordinance created a five member authority or commission designated “Tourist Development Authority,” herein referred to as the board. Under the statute such a board may be empowered to “contract and be contracted with in its own name as an agency of the city and to administer and expend such portion of the proceeds of said tax as the governing body [of the municipality] may determine.” The act further provides that no ordinance making designated changes in regard to such a board, including “reducing or enlarging the number of members,” will be valid unless approved by a referendum election or unless adopted by a four-fifths vote of the board plus a five-sevenths vote of the council.
Subsequently an ordinance was passed relating to the board, which among other things increased the membership from five to seven, and two members of the original board filed suit in the circuit court against the City of Miami Beach, challenging the validity of the ordinance and seeking to enjoin the enlarged board from functioning. The trial court entered an interlocutory injunction order, from which the city appealed. On consideration of the city’s petition for a constitutional writ we express no view regarding the merits of the cause.
Assuming that a constitutional writ by this court would be necessary to make the supersedeas effective to the point that the city could, with impunity, function through the enlarged seven member board contrary to the injunction during the pendency of the appeal and supersedeas, although the law on that point is not clear,[1] the appellant City of Miami Beach has not made a showing here sufficient to justify this court in granting it such relief. See Paramount Enterprises v. Mitchell, 104 Fla. 407, 140 So. 328, 330; Engel v. City of North Miami, Fla.App.1959, 111 So.2d 92, 94.
This is so because in instances where the granting or denial of a super-sedeas is discretionary, usually it is granted where it would operate to maintain the status quo of the property or rights constituting the subject matter of the litigation pending the appeal, but a supersedeas usually is denied where it appears it would permit the status of the subject matter to be changed so as to render subsequent proceedings in the cause ineffectual with reference to the main objects of the suit, or otherwise would result in undue harm or *350 irreparable injury. See Hathaway v. Munroe, 97 Fla. 28, 119 So. 149.
In this case, the right of the appellant City of Miami Beach to have a stay of the order appealed from was not a matter of discretion in the trial court, since the city’s appeal operated automatically as a stay, under § 59.14(1) Fla.Stat., F.S.A., which provides that such an appeal shall “stay the execution or performance of the judgment, decree, or order appealed from.” Rule 5.12(1) F.A.R. contains similar language. However, in view of what is said above in the preceding paragraph of this opinion, on consideration of the circumstances of this case we are not inclined to exercise here our jurisdiction to issue an extraordinary writ to expressly authorize the city to act in contravention of the injunction order pending its appeal therefrom.
For these reasons the petition of the City of Miami Beach for a constitutional writ was denied.

. The Supreme Court of Florida, in Powell v. Florida Land & Improvement Co., 41 Fla. 494, 26 So. 700, made reference to a rule prevailing in other jurisdictions that a supersedeas does not suspend or affect the force and operation of a decree granting a preventive injunction, unless the supersedeas order is specifically framed to accomplish that end. And the Supreme Court there stated that if the question were one open for it to decide the Court would “incline” to so rule, and said: “But we think that under our decisions a pending supersedeas prevents for the time being all proceedings to enforce an injunction appealed from, or to punish for its violation during the pendency of the supersedeas.” Further in the opinion in that case the Supreme Court said: .“ * * * [S]o long as an appeal with supersedeas from an order granting an injunction is pending, the power of the courts to enforce the injunction, or to punish as contempts acts in violation of its terms committed during such time, is suspended, * * The question of whether the trial court, in such circumstance, following affirmance or dismissal of the appeal, could take notice of and punish acts committed in violation of the injunction during the pendency of the supersedeas, was referred to but expressly left unanswered by the Supreme Court in the Powell case. But see Orlando Orange Groves Co. v. Hale, 119 Fla. 159, 161 So. 284, 295. That holding in Powell v. Florida Land & Improvement Co., supra, as to the effect or extent of the effect of a supersedeas of a preventive injunction, has not been departed from in subsequent decisions of the Supreme Court. However, this court in City of Miami v. Cuban Vill-Age Co., Fla.App.1962, 143 So.2d 69, rendered a decision holding a supersedeas on appeal from a preventive injunction was ineffective to stay its prohibitive effect.