332 So.2d 371 (1976)
Gerald A. LEWIS, As State Comptroller and Head of the Department of Banking and Finance, Petitioner,
v.
CAREER SERVICE COMMISSION of the State of Florida, and Jack Butler, Respondents.
No. BB-430.
District Court of Appeal of Florida, First District.
May 26, 1976.
*372 Ryland T. Rigsby, Asst. Gen. Counsel, Keystone Heights, for petitioner.
Ben R. Patterson, Tallahassee, for respondents.

ON MOTION TO RECONSIDER ORDER
MILLS, Judge.
The Department of Banking and Finance moves the Court to reconsider its order of 3 May 1976 denying the Department's motion to stay execution and suspend proceedings filed on 14 April.
The Department points out that on 14 April it filed a petition for writ of certiorari with this Court in which it sought review of an order entered by the Career Service Commission requiring the Department to reinstate Butler in his job with it. The Department contends that under the provisions of Rule 5.12(1), Florida Appellate Rules, it automatically perfected a stay when it filed its petition for writ of certiorari. Rule 5.12(1), Florida Appellate Rules, provides:
"(1) When Security Note Required.  When the state or any of its political subdivisions, or any officer, board, commission or other public body of the state or any of its political subdivisions, in a purely official capacity, takes an appeal or petitions for certiorari, the filing of the notice of appeal or the petition for certiorari as the case may be shall perfect the same and stay the execution or performance of the judgment, decree or order being reviewed and no supersedeas bond need be given unless expressly required by the court."
In Yamaha International Corp. v. Ehrman, 318 So.2d 196 (Fla.App. 1st, 1975), we pointed out that under Section 120.68, Florida Statutes, effective 1 January 1975, that review of administrative action is now by petition for review rather than by petition for certiorari, but until the Supreme Court adopts appellate rules governing petitions for review of administrative orders, rules for such review are those governing certiorari as amplified by Section 120.68, Florida Statutes.
In City of Panama City v. Florida Public Employees Relations Commission et al., 333 So.2d 470, opinion filed 5 May 1976, we stated that the filing of a petition for review does not itself stay enforcement of agency action, but that a stay may be granted by the agency or by this Court upon appropriate terms. Section 120.68(3), Florida Statutes. Therefore, pursuant to Rule 5.5, Florida Appellate Rules, the movant should apply to the agency for a stay or supersedeas.
We must consider the Department's petition for writ of certiorari as a petition for review. The petition for review filed by the Department does not automatically stay the enforcement of the Commission's order. If the Department desires to stay enforcement of the order, it should file its motion with the Commission for its consideration.
Accordingly, the motion for reconsideration is denied.
BOYER, C.J., and McCORD, J., concur.