346 So.2d 1087 (1977)
DUVAL COUNTY SCHOOL BOARD, Petitioner,
v.
FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION and Duval Teachers United, FEA-AFT, AFL-CIO, Respondents.
No. FF-489.
District Court of Appeal of Florida, First District.
June 15, 1977.
*1088 Dawson A. McQuaig and Frederick J. Simpson, Jacksonville, for petitioner.
William Powers, Tallahassee, Gen. Counsel for Public Employees Relations Com'n.
William H. Maness, Jacksonville, for Duval Teachers United, FEA-AFT, AFL-CIO.

ON MOTION FOR STAY
SMITH, Judge.
Petitioner Duval County School Board petitions for review of an order of the Public Employees Relations Commission (PERC) finding the Board committed an unfair labor practice by refusing to bargain in good faith with the labor organization representing its teachers and directing the Board forthwith to bargain in good faith and to post notices that it will do so. Sections 447.503, 120.68, Florida Statutes (1975). The case is not yet submitted on the merits. In the meantime, the petitioning Board moves for an order recognizing the Board's asserted entitlement, as an agency of a political subdivision of the State, to an automatic stay pending our decision. Fla. App. R. 5.12; Housing Auth. of City of Miami v. Macho, 184 So.2d 916 (Fla.3d DCA 1966); City of Miami Beach v. Lansburgh, 217 So.2d 348 (Fla.3d DCA 1969); City of Miami v. City of Coral Gables, 233 So.2d 7 (Fla.3d DCA 1970).
Rule 5.12's automatic stay for public agencies conflicts with the Administrative Procedure Act (APA), Section 120.68(3), and more particularly with the Public Employees' Relations Act, (PERA), Section 447.503(8), which provides that judicial review shall not stay a PERC unfair labor practice order "unless specifically ordered by the district court of appeal."
In case of conflict between a statute and court rule in respect to matters of judicial procedure, we are admonished to follow the rule. Bernhardt v. State, 288 So.2d 490 (Fla. 1974); State v. Smith, 260 So.2d 489 (Fla. 1972). See also Johnson v. State, 308 So.2d 127 (Fla. 1st DCA 1975). Nevertheless we denied the Comptroller a Rule 5.12 stay on his petition under the APA for review of another agency's action, Lewis v. Career Serv. Comm'n, 332 So.2d 371 (Fla. 1st DCA 1976), and we held a municipality not entitled as of right to a Rule 5.12 stay on review of a PERC order not concerning unfair labor practices. Panama City v. PERC, 333 So.2d 470 (Fla. 1st DCA 1976). In another context we noted that the Florida Appellate Rules were not "designed particularly for review of chapter 120 proceedings," and that its certiorari procedures were adopted for that purpose by judicial decision. Riley-Field Co. v. Askew, 336 So.2d 383, 384 (Fla. 1st DCA 1976). There we allowed some adjustment of the rules "to better fit the circumstances of administrative review." Rule 5.12, providing for an automatic stay when a governmental agency "takes an appeal or petitions for certiorari," was not written in contemplation that an administrative order of one State agency aggrieving another would one day be reviewable by petition for certiorari.
The precedent of our Lewis and Panama City decisions and the reasoning of Riley-Field apply here with greater force. PERC's unfair labor practice orders will almost always concern, if they do not directly affect, agencies of the State and its subdivisions. The order before us, though it touches the Board with the stigma of an unfair labor practice finding, does no more than require the Board to bargain forthwith in good faith, as PERA already requires, and to announce publicly that it will do so. To recognize an automatic stay in these circumstances would intolerably relieve the Board, during our consideration of *1089 the case, of PERA duties independent of the unfair labor practice order. Our ability under Rule 5.12(2) to require a bond of the Board is ineffective to remedy the loss that would occur should we suspend the Board's obligations under PERA and PERC's order. We hold that a public employer's filing of a petition for review of an unfair labor practice order of PERC does not accomplish an automatic stay under Rule 5.12, that any stay which was so accomplished in this case is vacated, and that the Board's motion for stay is otherwise
DENIED. Consideration of the merits will be expedited.
MILLS, Acting C.J., and ERVIN, J., concur.