359 So.2d 578 (1978)
CITY OF JACKSONVILLE BEACH, Florida, Appellant,
v.
The PUBLIC EMPLOYEES RELATIONS COMMISSION and International Brotherhood of Electrical Workers, Local No. 2358 (AFL-CIO), Appellees.
No. JJ-418.
District Court of Appeal of Florida, First District.
June 12, 1978.
John F. Dickinson of Coffman & Coleman, Jacksonville, for petitioner.
H. Wade Gurley, Representative, Rodney W. Smith, William E. Powers, Jr., Tallahassee, for respondent.

ON MOTION TO STAY
PER CURIAM.
On April 6, 1978, Appellee-Florida Public Employees Relations Commission (PERC) entered an Order verifying the results of an election and certifying Appellee-International Brotherhood of Electrical Workers, Local 2358 (AFL-CIO), as the exclusive collective bargaining representative for employees in the unit described in the order. On April 26, 1978, Appellant-City of Jacksonville Beach filed a timely notice of appeal to review Appellee-PERC's order. Appellant has also filed a motion seeking a stay of the order during the pendency of this appeal, citing Fla.R.App.P. 9.310(b)(2) as authority therefor.
Fla.R.App.P. 9.310(b)(2) provides as follows:
(2) Public Bodies; Public Officers.
The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, when the State, any public officer in an official capacity, board, commission or other public body seeks review; provided that on motion the lower tribunal or the court may impose any lawful conditions or vacate the stay.
In its motion for stay, appellant alludes to possible conflict between Rule 9.310 and sections of the Administrative Procedure Act (APA) and the Public Employees Relations Act (PERA) which speak to judicial review of final agency action. Section 120.68(3) of the APA and section 447.504(5) of the PERA both state, in effect, that the filing of a petition for judicial review of final agency action does not, in itself, operate as a stay of the agency decision or order. This court so held in Lewis v. Career Service Commission, 332 So.2d 371 (Fla.1st DCA 1976).
The 1977 Advisory Committee and Court's Commentary following Fla.R. App.P. 9.310 states, with regard to subsection *579 (b)(2), that the rule supersedes Lewis, supra. To the extent that Rule 9.310(b)(2) is in conflict with the statutory provisions discussed above, the rule must prevail, for any legislative attempt to create rules of practice or procedure would be an intrusion upon the power of the Florida Supreme Court as defined in Article V, Sec. 2(a), Florida Constitution, and, thus, in violation of the doctrine of separation of powers as set forth in Article II, Sec. 3, of that Constitution. See Johnston v. State, 308 So.2d 127 (Fla.1st DCA 1975).
The filing of the notice of appeal by appellant automatically operated as a stay of Appellee-PERC's order pending review by this court. Fla.R.App.P. 9.310(b)(2). Accordingly, the Motion for Stay filed herein is hereby determined to be moot.
IT IS SO ORDERED.
BOYER, Acting C.J., and SMITH and BOOTH, JJ., concur.