ON MOTION TO REINSTATE STAY
PER CURIAM.
The City of Sarasota files a motion to reinstate the automatic stay provision of Rule 9.310(b)(2), Florida Rules of Appellate Procedure. Because the city has failed to present this court with a record of the proceedings below, we are unable to determine if the lower tribunal abused its discretion and we therefore deny the motion.
The city has taken an appeal from a final order of the Public Employees Relations Commission, which certified AFSCME Council 79 as a collective bargaining unit. Because the city is a public body as contemplated by Rule 9.310(b)(2), the filing of the notice of appeal automatically operates as a stay pending appeal. City of Jacksonville Beach v. Public Employees Relations Commission, 359 So.2d 578 (Fla. 1st DCA 1978).
AFSCME filed a motion to set aside the automatic stay, which was granted by the lower tribunal. The city now moves for review of the order vacating the stay, as allowed by Rule 9.310(f). The motion does not attach an appendix and this court has not yet received the record on appeal. Our review of an order relating to a stay cannot be made in a vacuum. At a minimum, the party seeking review should provide this court with a copy of the final order, any pleadings regarding the stay and the lower tribunal’s order on the stay. Generally, the lower tribunal has broad discretion in the matter of a stay. Neale v. Aycock, 340 So.2d 535 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 405 (Fla.1977). By failing to provide this court with a record of the proceedings below, the city has *831 failed to demonstrate that the lower tribunal abused its discretion when it vacated the automatic stay. Cf. Aleshire v. Ackerman, 418 So.2d 307 (Fla. 5th DCA 1982) (petition for writ of certiorari denied where petition did not attach an appendix with a copy of the order sought to be reviewed).
The motion to reinstate automatic stay is denied without prejudice to serve an amended motion with a proper appendix.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.