# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2118
Lower Tribunal No. 24-4997-CA-01
_____

**Moss & Associates, LLC,**
Petitioner,

vs.

**Daystar Peterson and Brickell Heights East Condominium Association, Inc.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Tripp Scott, P.A. and William C. Davell and Robert L. Scheppske III, and Lexy Semino and Jennifer H. Wahba (Ft. Lauderdale), for petitioner.

No appearance, for respondents.


Before LOGUE, C.J., and LOBREE and GOODEN, JJ.

LOBREE, J.

Defendant below, Moss & Associates, LLC ("Moss"), petitions this

court for a writ of certiorari seeking to quash the trial court's order denying its motion to stay litigation pending plaintiff Daystar Peterson's ("Peterson") compliance with the presuit notice of claim requirements set forth in section 558.004, Florida Statutes (2024). We grant the petition for writ of certiorari and quash the order under review.

Peterson, a condominium unit owner, filed a complaint for damages against Brickell Heights East Condominium Association ("Brickell Heights East") and Moss, a general contractor. Peterson alleged claims for negligence and breach of Florida's Condominium Act against Brickell Heights East and a claim for negligence against Moss. Peterson generally claimed that in February 2023, his "property was damaged directly and/or indirectly by water originating from a common element of the condo" and that Brickell Heights East contracted with Moss to "complete renovations and/or repairs" to the building. Peterson further alleged that as a result of "[Moss'] negligence and inadequate/faulty workmanship and/or services" he suffered damages to his property. In his negligence claim against Moss, Peterson specifically alleged that Moss negligently conducted "repairs and/or construction to the roof and surrounding areas" and failed to "properly remedy and/or repair the damage caused by [Moss] at the subject property."

2

Shortly thereafter, Moss moved to stay the litigation under Chapter 558, Florida Statutes.[1] Specifically, Moss argued that because Peterson was a "claimant" as defined in section 558.002(3)[2] and the action alleged "construction defect[s]" as defined in section 558.002(5),[3] Peterson was

---

[1] "Chapter 558, titled 'Construction Defects,' sets forth procedural requirements before a claimant may file an action for a construction defect." Altman Contractors, Inc. v. Crum & Forster Specialty Ins. Co., 232 So. 3d 273, 276 (Fla. 2017). Importantly, the legislative findings with regard to Chapter 558 show that the statutory presuit procedural requirements are "aimed to encourage the . . . settle[ment] [of] claims for construction defects without resorting to litigation." Id. at 278. Particularly, section 558.001, titled "Legislative findings and declaration," states as follows:

> The Legislature finds that it is beneficial to have an alternative method to resolve construction disputes that would reduce the need for litigation as well as protect the rights of property owners. An effective alternative dispute resolution mechanism in certain construction defect matters should involve the claimant filing a notice of claim with the contractor, subcontractor, supplier, or design professional that the claimant asserts is responsible for the defect, and should provide the contractor, subcontractor, supplier, or design professional, and the insurer of the contractor, subcontractor, supplier, or design professional, with an opportunity to resolve the claim through confidential settlement negotiations without resort to further legal process.

(emphasis added).

[2] "Claimant" means a "property owner, including a subsequent purchaser or association, who asserts a claim for damages against a contractor, subcontractor, supplier, or design professional concerning a construction defect or a subsequent owner who asserts a claim for indemnification for such damages. The term does not include a contractor, subcontractor, supplier, or design professional." § 558.002(3), Fla. Stat. (2024).

[3] "Construction defect" is defined as follows:

required to comply with the notice of claim requirements of section 558.004. That section provides, in part, that "[i]n actions brought alleging a construction defect, the claimant shall, at least 60 days before filing any action, or at least 120 days before filing an action involving an association representing more than 20 parcels, serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable, which notice shall refer to this chapter." § 558.004(1)(a), Fla. Stat. (2024). Section 558.004 further provides, in part, that the notice of claim "describe in reasonable detail the nature of each alleged construction defect and, if known, the damage or loss resulting from the defect. Based upon at least a

---

(5) "Construction defect" means a deficiency in, or a deficiency arising out of, the design, specifications, surveying, planning, supervision, observation of construction, or <u>construction</u>, <u>repair</u>, alteration, or remodeling of real property resulting from:

(a) Defective material, products, or components used in the construction or remodeling;

(b) A violation of the applicable codes in effect at the time of construction or remodeling which gives rise to a cause of action pursuant to s. 553.84;

(c) A failure of the design of real property to meet the applicable professional standards of care at the time of governmental approval; or

(d) <u>A failure to construct or remodel real property in accordance with accepted trade standards for good and workmanlike construction at the time of construction</u>.

§ 558.002(5), Fla. Stat. (2024) (emphasis added).

visual inspection by the claimant or its agents, the notice of claim must identify the location of each alleged construction defect sufficiently to enable the responding parties to locate the alleged defect without undue burden." § 558.004(1)(b).

Moss asserted that Peterson did not provide it with the presuit notice of claim required by section 558.004. Therefore, the action must be stayed until Peterson complies with the statute under the dictates of section 558.003, which provides in relevant part as follows:

> A claimant may not file an action subject to this chapter without first complying with the requirements of this chapter. If a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall stay the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements.

§ 558.003, Fla. Stat. (2024) (emphasis added). The trial court conducted a hearing on Moss' motion to stay, at which Peterson did not contest that he had failed to serve a notice of claim on Moss under section 558.004. Instead, Peterson contended that because Moss was hired by Brickell Heights East, he could not provide notice of "what defects there were in the construction because I don't know what they were hired to do." The trial court denied Moss' motion to stay, concluding that the motion was premature and stating

5

that "[m]aybe later [Moss] can argue that it is a construction defect case."

Moss now seeks certiorari review of the order denying its motion for stay.[4]

An order denying a motion to stay may be reviewed via a petition for writ of certiorari. Sorena v. Gerald J. Tobin, P.A., 47 So. 3d 875, 877 (Fla. 3d DCA 2010) ("This Court has certiorari jurisdiction to review a trial court's non-final order denying a motion for stay."); accord Dep't of Agric. & Consumer Servs. v. Patchen, 25 So. 3d 1283, 1284 n.1 (Fla. 3d DCA 2010). However, it is axiomatic that to be entitled to certiorari relief, the petitioner "must establish '(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.'" Thomas-McDonald Law Firm, P.A. v. Silva, 2024 WL 4498606, 49 Fla. L. Weekly D2087 (Fla. 3d DCA Oct. 16, 2024) (quoting Schaeffer v. Medic, 394 So. 3d 128, 130–31 (Fla. 3d DCA 2024)). Because it is jurisdictional, the issue of whether the challenged order results in irreparable harm to the petitioner must be established before a court may consider whether there has also been a departure from the essential requirements of the law. Rodriguez v. Miami-Dade County, 117 So. 3d 400, 404 (Fla. 2013).

---

[4] Peterson did not file a response in this court to Moss' petition for writ of certiorari.

6

As to irreparable harm, we find that a claimant's failure to comply with the presuit notice of claim requirement of section 558.004 is analogous to that of an insured's failure to comply with the notice requirements set forth in section 627.70152, Florida Statutes, and a litigant's failure to meet the mandatory presuit procedures in chapter 766, Florida Statutes. See, e.g., Citizens Prop. Ins. Corp. v. Walden, 395 So. 3d 216, 217–18 (Fla. 3d DCA 2024) (analogizing insured's failure to comply with presuit notice requirements of section 627.70152 to litigant's failure to comply with chapter 766's presuit notice procedures in medical malpractice cases and holding that order denying insurer's motion to dismiss for insured's failure to comply with section 627.70152 met jurisdictional requirements for certiorari relief). Just as an insured's failure to provide presuit notice under section 627.70152 constitutes irreparable harm for certiorari purposes, see id., here, Peterson's failure to comply with section 558.004 cannot be remedied on postjudgment appeal because the purpose of a claimant's giving notice of an alleged construction defect under the statute is to ensure "a presuit process whereby the claim may be resolved solely by the parties through a negotiated settlement or voluntary repairs without ever filing a lawsuit." Altman Contractors, Inc., 232 So. 3d at 278 (emphasis added); see supra note 1; see also Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646,

649 (Fla. 2d DCA 1995) ("This court has recognized that an order dispensing with a statutorily mandated presuit procedure, which is a condition precedent to a legal proceeding, may be reviewed by a writ of certiorari. Such statutes cannot be meaningfully enforced postjudgment because the purpose of the presuit screening is to avoid the filing of the lawsuit in the first instance.") (citation omitted)); Snyder v. Douglas, 647 So. 2d 275, 276–77 (Fla. 2d DCA 1994) (finding trial court's denial of Florida Insurance Guarantee Association's motion for stay "under the automatic six-month stay provision of section 631.67, Florida Statutes (1993)" constituted irreparable harm because "if the respondents do obtain a judgment, and the proceedings leading up to the judgment are deemed fundamentally sound on direct appeal, there is a likelihood that the judgment would be affirmed even though FIGA was denied its right to the statutorily mandated six-month stay"); Pearlstein v. Malunney, 500 So. 2d 585, 587–88 (Fla. 2d DCA 1986). Thus, Moss has established the potential for irreparable harm necessary to invoke this court's certiorari jurisdiction.

Turning to whether the trial court's order departs from the essential requirements of the law, "[g]enerally, the lower tribunal has broad discretion in the matter of a stay." City of Sarasota v. AFSCME Council '79, 563 So. 2d 830, 830 (Fla. 1st DCA 1990). However, in this instance, we are

8

presented with a statute providing that "[i]f a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court <u>shall stay the action</u>, without prejudice, and the action may not proceed until the claimant has complied with such requirements." § 558.003, Fla. Stat. (emphasis added). "The use of the mandatory term 'shall' normally creates an obligation impervious to judicial discretion." <u>City of St. Petersburg v. Remia</u>, 41 So. 3d 322, 326 (Fla. 2d DCA 2010).

Here, Peterson asserted a claim against Moss, "a construction company performing residential and commercial constructions and renovations," for damage to real property that he owned caused by "[Moss'] negligence and inadequate/faulty workmanship and/or services." Peterson further alleged that the claimed damage was the result of Moss "negligently conducting repairs and/or construction to the roof and surrounding areas of the property" and "failing to properly remedy and/or repair the damage caused by [Moss] at the subject property." We conclude that these allegations fall squarely within the ambit of section 558.002, i.e., Peterson is a "claimant" who filed an "action"[5] alleging a "construction defect," as those

---

[5] "Action" is defined as follows:

9

terms are defined in the statute. § 558.002(1),(3),(5)(d), Fla. Stat. As such, the trial court was compelled to apply the plain language of section 558.003 upon Moss' motion to stay and Peterson's acknowledged noncompliance with the notice of claim requirements of section 558.004. By instead concluding that no stay was yet required, the trial court failed to apply the plain language of section 558.003, thereby departing from the essential requirements of the law. See Justice Admin. Com'n v. Peterson, 989 So. 2d 663, 665 (Fla. 2d DCA 2008) ("When the circuit court does not apply the plain and unambiguous language of the relevant statute, it departs from the essential requirements of law."); see also Hayes v. Monroe County, 337 So. 3d 442, 446 (Fla. 3d DCA 2022) ("The failure to apply a controlling legal decision or statute 'is a classic departure from the essential requirements of the law.'" (emphasis added) (quoting State v. Jones, 283 So. 3d 1259, 1266 (Fla. 2d DCA 2019))).

---

(1) "Action" means any civil action or arbitration proceeding for damages or indemnity asserting a claim for damage to or loss of real or personal property caused by an alleged construction defect, but does not include any administrative action or any civil action or arbitration proceeding asserting a claim for alleged personal injuries arising out of an alleged construction defect.

§ 558.002(1), Fla. Stat. (2024).

Accordingly, we grant the petition and quash the trial court's order denying the motion to stay litigation.[6]

---

[6] We deny Moss' request that we instruct the trial court to stay the litigation under section 558.003. On certiorari review, we are empowered to do no more than quash the challenged order. See Piquet v. Clareway Props. Ltd., 314 So. 3d 423, 428 (Fla. 3d DCA 2020); Reliable Restoration, LLC v. Panama Commons, L.P., 313 So. 3d 1207, 1211 n.2 (Fla. 1st DCA 2021).