764 So.2d 24 (1999)
U.S. BORAX, INC., Appellant,
v.
Nancy FORSTER, As Personal Representative of the Estate of Charles F. Reade, Sr., Appellee.
No. 97-4107.
District Court of Appeal of Florida, Fourth District.
May 19, 1999.
*26 Roger D. Schwenke, Steven C. Dupre, and Susan L. Landy of the Law Office of Carlton, Fields, Ward, Emmanuel, Smith and Cutler, P.A., Tampa, for appellant.
Edna L. Caruso of the Law Office of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Jody H. Oliver of the Law Office of Gary, Dytrich & Ryan, P.A., North Palm Beach, for appellee.
TAYLOR, J.
The issue in this case is whether the federal Comprehensive Environmental Response Compensation and Liability Act of 1980 (CERCLA), 42 USC § 9601 et seq., preempts Florida's nonclaim statute for filing claims against estates, Fla. Stat. section 733.702 (1995). U.S. Borax, Inc. ("Borax") appeals two orders entered by the Martin County probate court in favor of appellee, Nancy Forster, the personal representative of the Estate of Charles F. Reade. We find that the probate court correctly ruled that CERCLA does not preempt Florida's nonclaim statute and that the court did not abuse its discretion in denying Borax's request for an extension and motion for a stay to allow the federal court to first decide the preemption and notice issues.
On May 26, 1995, Nancy Forster, as Personal Representative of the Estate ("the Estate") of her father, Charles F. Reade, Sr. ("the decedent") filed a petition for the administration of his estate in Martin County, Florida. Forster was appointed personal representative of the Estate on May 31, 1995. In May, 1995, the decedent's obituary was published in the New York Times, the Newark Star-Ledger, The Providence Rhode Island Press, the Stuart County News, The Carteret Times and another newspaper in North Carolina. Beginning on June 5, 1995, Forster published a Notice of Administration of the decedent's estate in newspapers in Stuart and Port St. Lucie, Florida and in Carteret County, North Carolina. The three month period for filing claims against the estate expired on September 5, 1995.
On May 15, 1997, approximately a year and eight months after the claims period expired, U.S. Borax, Inc. ("Borax") filed a claim against the Estate in probate court. Borax's claim was based upon a lawsuit filed in 1993 by current owners of property in North Kansas City, Missouri against Borax and Reade Manufacturing Company ("RMC"), a Division of Reactive Metal & Alloys Corporation (REMACOR), in a Missouri federal district court under CERCLA. The civil action sought to recover the costs of cleaning up the property, which had allegedly been contaminated when previously occupied by the defendants and used as a herbicide blending facility. According to Borax's claim, the decedent had been an officer of RMC and exercised operational control of the facility. Borax claimed that it was entitled to contribution from the decedent toward the cost of cleaning up the property.[1]
*27 In 1997, the federal district court established a deadline of March 14, 1997 for the joinder of additional parties to the CERCLA lawsuit. Soon thereafter, REMACOR announced that it was insolvent. Borax's counsel then conducted a computer data inquiry in early March of 1997 to identify and locate other potential defendants. This computer search led to the decedent's obituary in the New York Times. On April 28, 1997, Borax filed a third party complaint against the Estate in the federal proceeding. Additionally, Borax filed a claim against the Estate in the Florida probate proceedings on May 15, 1997, along with a petition for extension of time to file its claim pursuant to sections 733.702 and 733.710, Florida Statutes. Borax acknowledged in the petition that its claim was contingent and unliquidated.
In response to the complaint filed in the CERCLA action, the Estate asserted that Borax's claim was barred by Florida's three-month claims filing limitations period. On June 16, 1997, Borax moved for summary judgment in federal court, arguing that the decedent was personally liable as an "operator" under CERCLA. Borax further argued that the limitations period in the Florida probate code is preempted by CERCLA's three-year statute of limitations, and that barring its claim under section 733.702 violated due process because Borax was not given actual or effective constructive notice of the Estate.
In the probate court proceedings, the Estate filed a petition to strike Borax's claim. Prior to the evidentiary hearing on the petition, Borax moved to stay the probate administration proceedings pending the federal court's resolution of the federal preemption and constitutional issues raised by Borax in its summary judgment motion. Essentially, Borax argued that comity and judicial economy warranted a stay of the probate proceeding pending the outcome of the summary judgment motion in federal court. The probate court denied the motion to stay and proceeded with an evidentiary hearing on the Estate's petition to strike on October 20, 1997.
Following the evidentiary hearing, the probate court granted the Estate's petition to strike Borax's untimely filed claim and denied Borax's petition for an extension to file a claim. The court ruled that CERCLA does not preempt section 733.702, Florida Statutes (1995). It also concluded that Borax was a contingent claimant not entitled to actual notice of decedent's death; that the publication notice to creditors provided by the personal representative comported with sections 733.212 and 733.702, Florida Statutes, which statutes satisfy constitutional due process mandates; that Borax was not a reasonably ascertainable creditor nor known to the personal representative; that the trust fund theory was inapplicable as an exception to the non-claim statute for a contingent claimant not identifying a specific piece of property; that lack of interference with administration of the Estate did not constitute grounds for an extension under section 733.702, Florida Statutes; and that granting an extension would unduly interfere with the Estate's administration. Borax appeals from both the order denying its motion to stay and the order denying its petition for extension of time.
On January 30, 1998, the federal district court denied Borax's summary judgment motion, concluding that there were disputed issues of fact as to whether operator liability could be imposed personally on the decedent. However, contrary to the probate court's ruling, it determined that the longer CERCLA statute of limitations preempted Florida's three-month nonclaim statute and that a trust should be imposed on the Estate's assets to guarantee any judgment against the Estate. In a separate order, the federal court denied the Estate's motion to dismiss Borax's CERCLA claim, rejecting the Florida probate *28 court's resolution of the CERCLA preemption and due process notice issues.
We agree with the probate court's ruling that CERCLA does not preempt Florida's nonclaim statute for filing claims against an estate. Although there is little case law authority on this issue, we find Witco Corp. v. Beekhuis, 38 F.3d 682 (3d Cir.1994), to be persuasive. Witco, the owner of a contaminated site, brought a CERCLA claim for contribution against Jeanne Beekhuis, the daughter of Dr. H. Beekhuis and executrix of his estate. Dr. Beekhuis was an officer, director and majority stockholder of the company which had owned the contaminated land. In 1988 Witco had notified Dr. Beekhuis of his potential liability under CERCLA. In 1989 Dr. Beekhuis died. However, Witco did not seek contribution until 1990, when it petitioned the state court for a constructive trust on the assets of Dr. Beekhuis' estate. The district court dismissed the petition for failure to state a cause of action. In 1991, when the EPA notified Witco that it was a potentially responsible party (PRP) under CERCLA for the disposal of hazardous waste, Witco filed a claim against the estate. The district court granted the estate's motion for summary judgment on the contribution claim, based upon the fact that Delaware's eight-month nonclaim statute had expired, and also denied Witco's petition to imposes a constructive trust on the estate assets. In affirming the district court, the third circuit held that CERCLA's three-year statute of limitations for contribution claims does not preempt state nonclaim statutes. Id. at 684.
In Witco, the third circuit applied the Supreme Court's analysis of federal preemption of state law in California Federal Savings & Loan Ass'n v. Guerra, 479 U.S. 272, 280-81, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987), stating as follows:
In determining whether a state statute is preempted by federal law and therefore invalid under the Supremacy Clause of the Constitution, our sole task is to ascertain the intent of Congress. Federal law may supersede state law in several different ways. First, when acting within constitutional limits, Congress is empowered to preempt state law by so stating in express terms. Second, congressional intent to preempt state law in a particular area may be inferred where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress "left no room" for supplementary state regulation....
As a third alternative, in those areas where Congress has not completely displaced state regulation, federal law may nonetheless preempt state law to the extent it actually conflicts with federal law. Such a conflict occurs either because `compliance with both federal and state regulations is a physical impossibility,' or because the state law stands `as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'
Witco, 38 F.3d at 687.
With respect to the first and second bases for preemption of state law under Guerra, the third circuit noted its prior decisions holding that "in enacting CERCLA Congress has not explicitly preempted all state law on environmental subject matters, nor has Congress enacted such a comprehensive scheme of regulation as to provide no room for supplementation by the states." Witco at 687 (citing Manor Care, Inc. v. Yaskin, 950 F.2d 122, 125-26 (3d Cir.1991)). Regarding the third basis for preemptioni.e., conflict between the state and federal laws, the court concluded that it was possible for Witco to have complied with both the federal and the state statutes. Delaware's eight-month nonclaim statute and CERCLA's three-year period for filing a contribution claim were not mutually exclusive, because a claimant could notify an estate of a contingent claim within eight months of a decedent's death, and also file a contribution action within three years. While recognizing *29 that there could be instances where a claimant would be unable to comply with both the state nonclaim statute and the CERCLA statute of limitations, because a claimant did not become aware of his or her own CERCLA liability until after a nonclaim statutory period had expired, the court nevertheless concluded that preemption is not appropriate. Rather, the court reasoned that the primary focus is whether a nonclaim statute presents an "obstacle" to the aims and objectives of CERCLA.
In determining that Congress could not have intended to preempt state law governing claims against decedents' estates, the court stated:
First, and most significantly, a state's interest in the prompt settlement of its citizens' estates is particularly strong. Probate law ... has traditionally been within the province of the individual states. Long-standing precedent recognizes that federal claims against decedents' estates are subject to state probate laws and procedures, unless federal law specifically provides otherwise.
Id. at 688-689 (citations omitted).
Additionally, Witco pointed out that nothing in the language of CERCLA excepts it from probate laws; that Congress provided for an "innocent landowner" defense which would apply to one who inherits contaminated property; and, that pursuant to the Federal Rules of Civil Procedure, the capacity of an individual to sue or be sued under CERCLA is determined by state law. Id. at 689.
For the same reasons explained in Witco, we find that CERCLA's three-year statute of limitations does not preempt Florida's nonclaim probate statute. Here, there was no conflict between the state and federal laws, since compliance with both statutes was possible. Borax knew of the decedent's identity and potential liability under CERCLA and could have filed its contribution claim against him prior to his death in 1995; instead it chose to exclude the decedent from its original suit against several other parties. Additionally, as pointed out in Witco, Borax could have conducted its computer inquiry, notified the estate within the three month period allowable under section 733.702, and filed a contribution action within the three years provided by CERCLA. It was not physically impossible for Borax to comply with both the state and federal statutes. Borax's ill-timed decision to pursue its claim against the decedent is not a sufficient basis to justify preempting Florida probate law and disturbing what has traditionally been within the province of the states. Unless federal law specifically provides otherwise, long standing precedent favors subjecting federal claims against decedents' estates to state probate laws and procedures and recognizes the state's paramount interest in the prompt and final settlement of its citizens' estates.
Next, we find that the probate court did not abuse its discretion in denying Borax's motion to stay the probate proceedings pending the district court's resolution of the preemption and adequacy of notice issues. Because the federal and state courts did not have concurrent jurisdiction, we find that the rule of priority, relied upon by Borax, does not apply in this case. Cf. Lawyers Professional Liability Ins. Co. v. Shand, Morahan & Co., 394 So.2d 238 (Fla. 1st DCA 1981) (citing Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927)) ("In the interests of state and federal comity, where there is concurrent jurisdiction, the general rule is that the court whose jurisdiction first attaches may determine the controversy, and the proceedings in the last action filed should be stayed or suspended until the first action is tried and determined.")(emphasis supplied). The federal and state actions implicated in this case are not between the same parties and do not involve the same issues. The federal CERCLA claim is an in personam action to recover cleanup costs in connection with contaminated property and is before the district court pursuant to federal question jurisdiction. *30 The state action is an in rem probate action for the distribution of the decedent's estate and is before the circuit court pursuant to Florida probate laws. Because of the exclusive jurisdiction of each court, this case is distinguishable from those cases cited by Borax, which hold that it is appropriate to stay duplicate proceedings where the resolution of the federal action would obviate the need to pursue the state action. See 42 U.S.C. § 9613(b); Art. V, § 20(c)(3), Fla. Const. Whether Borax's claim was timely filed in the probate court and whether Borax should have been granted an extension to file an untimely claim in that court are probate issues, which only the probate judge had jurisdiction to determine.
Finally, we reject Borax's contention that the probate court erred in denying its request for an extension to file a claim against the estate. We agree with the probate court's determination that Borax was not entitled to actual notice. See U.S. Trust Co. of Florida Savings Bank v. Haig, 694 So.2d 769 (Fla. 4th DCA 1997). We decline Borax's invitation to reconsider our decision in Haig.
Accordingly, we affirm the probate court's orders granting the Estate's petition to strike Borax's untimely filed claim and denying Borax's Motion to Stay and Petition for Extension of time to file its untimely claim.
AFFIRMED.
POLEN and GROSS, JJ., concur.
NOTES
[1] CERCLA imposes liability upon those persons who fall within one of four groups owners of contaminated property, operators of contaminated property, persons who arranged for the disposal or treatment of hazardous substances, and persons who transported hazardous substances there. 42 U.S.C. § 9607(a).