KLEIN, J.
The parties dissolved their marriage in 1995, agreeing on child support and visitation. In 2000 the father sought a change in custody, asserting changed conditions related to the mother’s remarriage. As a result of mediation the parents signed a new agreement giving the father more visitation, but leaving child support unchanged. Ten days after the new agreement was adopted by the court, the father filed a petition to lower his child support, alleging as a change in circumstances his increased visitation. The trial court denied the petition and we affirm.
In order to obtain modification based on a change of circumstances, the change must be one “not contemplated at the time of the final judgment of dissolution.” Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992). In this case, the change must be one which was not contemplated at the time of the modification order in 2000. Mastromonico v. Mastromonico, 685 So.2d 74 (Fla. 1st DCA 1996). See also Form 12.905(b), Family Law Rules of Procedure, which requires the petitioner to explain the substantial change in circumstances which has occurred “since the final judg *1002 ment or most recent modification thereof.” The change alleged here, increased visitation, was contemplated at the time of the 2000 order, and therefore is not a ground for modification.
Although it is unnecessary, we would add that it is unseemly, to say the least, for the father to have talked the mother into increased visitation without a change in child support, and to then have sought decreased child support based on the increased visitation. His “silence when it is his duty to speak,” should estop him from “asserting a right which he otherwise would have had.” Taylor v. Kenco Chem., 465 So.2d 581, 586 (Fla. 1st DCA 1985).
Affirmed.
FARMER and MAY, JJ., concur.