929 So.2d 576 (2006)
Richard C. PASTOR, Appellant,
v.
Cynthia H. PASTOR, individually and as Personal Representative of the Estate of Sydney Pastor, Mark J. Herlan, and Martin J. Herlan, Appellees.
No. 4D05-2149.
District Court of Appeal of Florida, Fourth District.
April 19, 2006.
Rehearing Denied June 16, 2006.
Marie Tomassi, Karen E. Lewis, and John A. Williams of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for appellant.
Jack J. Aiello and William T. Hennessey of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for Appellee-Cynthia H. Pastor.
Henry H. Fox of Berger Singerman, P.A., Fort Lauderdale, for Appellees-Mark J. Herlan and Martin J. Herlan.
STONE, J.
The trial court dismissed, as untimely filed, Appellant's amended petition to revoke probate. We affirm.
Appellant claims that the decedent was not domiciled in Florida at the time of death. It is undisputed, however, that Appellant's petition was not filed within three months after the date of service of a copy of the notice of administration. Therefore, pursuant to section 733.212(3), Florida Statutes, Appellant's claims are barred. See Rogers v. Rogers, 688 So.2d 421, 421-22 (Fla. 3d DCA 1997) (holding that where beneficiaries of an estate sought to transfer the action to California, the objection was untimely when not filed within the *577 three-month limit under section 733.212). Id.
For the purpose of overcoming the bar of section 733.212(3), Appellant contends that an issue of domicile is an attack on subject matter jurisdiction and is not waived by failing to timely file. The trial court correctly recognized that subject matter jurisdiction is not determined by the decedent's domicile; rather, it is based on the power of the court over the class of cases to which the controversy belongs. See Ruth v. Department of Legal Affairs, 684 So.2d 181, 185 (Fla.1996); Chase Bank of Texas Nat'l Ass'n. v. Department of Ins., 860 So.2d 472, 475 (Fla. 1st DCA 2003).
We recognize that in other contexts, such as marriage dissolution, residency has been associated with subject matter jurisdiction. See Bursiel v. Bursiel, 124 Fla. 187, 168 So. 3, 6 (1936); Cleveland v. Cleveland, 692 So.2d 304, 305 (Fla. 4th DCA 1997); Orbe v. Orbe, 651 So.2d 1295, 1297 (Fla. 5th DCA 1995). Nevertheless, we conclude that in probate, domicile is simply a fact issue, the significance of which will vary from case to case.
In probate, domicile is treated as a component of venue. See § 733.101(1), Florida Statutes. Under the reasoning in Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314, 316 (Fla. 1st DCA 1974), venue comes into play once the court has jurisdiction over the subject matter of the action, i.e., in this case, the class of probate cases. Parker v. Estate of Bealer, 890 So.2d 508, 510 (Fla. 4th DCA 2005), involved a determination of domicile in the context of venue. In that case, the personal representative filed a petition to establish venue, and the beneficiary filed an objection to the motion and a counter-petition requesting Florida stay the probate proceedings in favor of probate proceedings that the beneficiary initiated in Maryland. Id. This court ruled that venue was appropriate in Florida, and the beneficiary had been properly noticed. Id.
We are not unmindful of Appellant's argument that finding such an objection to subject matter jurisdiction can be waived under the statute will effectively allow Florida courts to probate a non-domiciliary's estate through domiciliary administration. Nevertheless, we conclude that Appellant may not challenge the court's jurisdiction where he received the notice of administration, the trial court determined domicile through the verified petition, and the three-month period to object to jurisdiction passed before filing his claims. There is a "strong public policy" in this state "in favor of settling and closing estates in a speedy manner." May v. Illinois Nat'l Ins. Co., 771 So.2d 1143, 1151 (Fla.2000). If the court were to hold that domicile is a component of subject matter jurisdiction, any estate could be re-opened based on such a belated objection. This would render section 733.212(3) meaningless and would contravene Florida's public policy as expressed in May. See also In re Estate of Williamson, 95 So.2d 244 (Fla.1957).
We note that even where domicile was considered an aspect of subject matter jurisdiction, participation in probate litigation has been held to constitute a waiver of issues of domicile. In In re Estate of Dalton, 246 So.2d 612, 614 (Fla. 3d DCA 1971), the Third District recognized that domicile is distinguishable "from the general power of the court to adjudicate the class of cases to which the subject matter of the case belongs."
Dalton supports the contention that domicile is distinguishable from subject matter jurisdiction. It also supports the position that when an objection is made *578 that a court lacks subject matter jurisdiction, the generalization that objection to subject matter jurisdiction may not be waived is properly limited to cases where the objection is addressed to the notion of subject matter jurisdiction as the class of cases a court is empowered to hear, allowing principles of waiver to otherwise be applied where the court has power over the class of case in question. We agree.
Therefore, the order is affirmed.
GROSS and MAY, JJ., concur.