TAYLOR, J.
Ruth Perelman, the late wife of appellee Raymond Perelman, died in Philadelphia, Pennsylvania on July 31, 2011, at the age of 90. In this appeal of a final Florida probate order, Ruth and Raymond’s son Jeffrey Perelman challenges: 1) the trial court’s refusal to stay the Florida probate proceeding in deference to a Pennsylvania probate proceeding; and 2) the trial court’s determination that Ruth was domiciled in Florida at the time of her death. Because we conclude that the trial court should have stayed the action under the principle of priority, we reverse.[1]
Following Ruth’s death, Raymond filed an informal caveat in Pennsylvania on August 5, 2011. On August 11, 2011, Jeffrey delivered a petition for probate to the Pennsylvania Register of Wills, seeking to probate Ruth’s 2010 Will. On August 12, 2011, the Office of the Register of Wills sent Raymond’s counsel a letter via certified mail, notifying Raymond’s counsel of the petition and explaining that a formal caveat must be filed within ten days from the receipt of the letter or else the 2010 Will would be probated without further notice.
On August 24, 2011, Raymond filed a Petition for Administration in the probate court of Palm Beach County, Florida. In the Florida proceeding, the petition for administration was served by formal notice upon all respondents, including Jeffrey, between August 29 and August 31, 2011. Raymond’s Florida petition asserted that Ruth’s 2010 Will was invalid and sought to probate her 1991 Will.
On August 26, 2011, Raymond filed a formal caveat in the Pennsylvania proceeding. In the caveat, Raymond objected to the probate of Ruth’s 2010 Will, claiming that Ruth was domiciled in Florida and that Ruth’s 2010 Will was invalid for undue influence.
In September 2011, Jeffrey moved to dismiss or stay the Florida petition for administration. Jeffrey argued that the petition should be dismissed because Ruth was domiciled in Pennsylvania and there were no probate assets in Florida. In the alternative, he argued that the Florida proceedings should be stayed because probate was first sought with the Register of Wills in Pennsylvania.
*986 In October 2011, after hearing argument from the parties regarding the status of the Pennsylvania proceeding and the law regarding comity and priority, the trial court denied Jeffrey’s motion to stay the action. During the proceedings, the trial court denied each of Jeffrey’s renewed motions to stay the case.
The trial court later entered an order determining Ruth’s domicile at the time of her death to be in Florida. However, the Pennsylvania Register of Wills had previously determined that Ruth was domiciled in Pennsylvania.
Following the trial court’s ruling on domicile, the case proceeded to trial on the will contest with respect to the 2010 Will. In February 2013, the trial court entered a final judgment on the will contest.
Jeffrey now appeals the final judgment in order to challenge the trial court’s refusal to stay the case and the court’s interlocutory ruling on domicile.
Rulings on motions for stay are governed by the abuse of discretion standard of review. U.S. Borax, Inc. v. Forster, 764 So.2d 24, 29 (Fla. 4th DCA 1999).
Under the “principle of priority,” where courts within one sovereignty have concurrent jurisdiction, the court which first exercises its jurisdiction acquires exclusive jurisdiction to proceed with that case. Siegel v. Siegel, 575 So.2d 1267, 1272 (Fla.1991). The principle of priority is, however, discretionary:
Admittedly, this principle is not applicable between sovereign jurisdictions as a matter of duty. As a matter of comity, however, a court of one state may, in its discretion, stay a proceeding pending before it on the grounds that a case involving the same subject matter and parties is pending in the court of another state.
Id. (quoting Bedingfield v. Bedingfield, 417 So.2d 1047, 1050 (Fla. 4th DCA 1982)).
Absent extraordinary circumstances, a trial court abuses its discretion when it fails to respect the principle of priority. Hirsch v. DiGaetano, 782 So.2d 1177, 1178 (Fla. 5th DCA 1999). However, “[t]his does not mean that a trial court must always stay proceedings when prior proceedings involving the same issues and parties are pending before a court in another state, but only that ordinarily this should be the result.” Siegel, 575 So.2d at 1272. “There may well be circumstances under which the denial of a stay could be justified upon a showing of the prospects for undue delay in the disposition of a prior action.” Schwartz v. DeLoach, 453 So.2d 454, 455 (Fla. 2d DCA 1984).
The Second District has noted that there do not appear to be any cases that “actually rule on the question of whether filing, as opposed to the exercise of jurisdiction, triggers priority.” In re Guardianship of Morrison, 972 So.2d 905, 908 (Fla. 2d DCA 2007). “Thus, there is no reasonable basis to conclude that the trigger for priority is anything but the exercise of jurisdiction as was stated by the supreme court in Sie-gel.” Id. In Morrison, the Second District held that a foreign court first exercised jurisdiction when it entered an order to show cause; by issuing an order to show cause, the foreign court indicated its intent to grant relief unless the opposing party could convince it otherwise. Id. at 909. “The ball is rolling, so to speak, and will not be stopped until the court issues an order or the plaintiff dismisses the lawsuit.” Id.
The threshold question in this case is whether Pennsylvania or Florida was the first state to exercise jurisdiction. In the context of two actions pending between the same parties in different circuits in Florida, the Florida Supreme Court has held *987 that “jurisdiction lies in the circuit where service of process is first perfected.” Mabie v. Garden Street Mgmt. Corp., 397 So.2d 920 (Fla.1981). “[I]n case of conflict between courts of concurrent jurisdiction, the one first exercising jurisdiction acquires control to the exclusion of the other, and that jurisdiction attaches when the summons is served.” Suggs v. Cowart, 437 So.2d 238, 239 (Fla. 5th DCA 1983). However, these cases address priority as between two Florida courts with concurrent jurisdiction. We decline to extend their reasoning to priority contests between two states. Accordingly, we must look to Pennsylvania law to determine when Pennsylvania first exercised jurisdiction.
Under Pennsylvania law, the Register of Wills “shall have jurisdiction of the probate of wills, the grant of letters to a personal representative, and any other matter as provided by law.” 20 Pa.C.S.A. § 901 (2011). The Register of Wills is a judicial officer, and has sole jurisdiction of the probate of wills and testaments. In re Wulff's Estate, 24 Pa. D. 410 (Pa.Orph.1915). If a formal caveat is not filed within ten days after the filing of the petition for probate, the register proceeds to admit the will to probate. See 20 Pa. C.S.A. § 906. The probate of a will by the Register of Wills constitutes a judicial decree. Mangold v. Neuman, 371 Pa. 496, 501, 91 A.2d 904, 905 (1952). The Register’s decision on objections to the petition may be appealed to the Orphans’ Court, which conducts a de novo proceeding. 20 Pa.C.S.A. § 776 (2011). Where a jury trial is not granted, the Orphans’ Court “shall hear the testimony de novo unless all parties appearing in the proceeding agree that the case be heard on the testimony taken before the register.” Id.
Here, Pennsylvania was the first state to exercise jurisdiction. We conclude that Pennsylvania first exercised jurisdiction on August 12, 2011, when the Register of Wills issued a notice to Raymond’s counsel stating that Ruth’s 2010 Will would be probated “without further notice to you” unless Raymond -filed a formal caveat. The notice in this case clearly stated that relief would be granted unless Raymond filed a formal caveat. Therefore, following the Second District’s reasoning in Morrison, the Register’s notice indicated that “the ball [was] rolling” in Philadelphia, twelve days before Raymond filed his Florida petition on August 24, 2011.
Having concluded that Pennsylvania was the first state to exercise jurisdiction, we next consider whether the trial court abused its discretion in refusing to stay Raymond’s petition in Florida. The trial court’s order simply denied the motion to stay and did not make any finding of extraordinary circumstances that would justify refusing to apply the principle of priority as a matter of comity. Nor did Raymond make any showing that the Pennsylvania proceeding would cause undue delay.. All he offered in this regard was speculation. The mere fact that Pennsylvania allows for the possibility of a de novo proceeding in the Orphans’ Court does not, without more, establish undue delay.
While Raymond argues that this case is controlled by Parker v. Estate of Bealer, 890 So.2d 508, 512 (Fla. 4th DCA 2005), we find that Parker is distinguishable. There, although the Maryland proceeding was filed first, the Maryland probate court had never admitted the will to probate, no probate proceedings in Maryland had begun, estate administration had been ongoing for six months in Florida, and significant adverse tax consequences would have occurred if the will was probated in Maryland. The extraordinary circumstances in Parker simply are not present in this case.
*988 Accordingly, we reverse the final judgment and the order on domicile, and remand for the trial court to issue a stay pending the resolution of the Pennsylvania probate proceeding.

Reversed and Remanded.

DAMOORGIAN, C.J., and KLINGENSMITH, J., concur.

. This disposition makes it unnecessary to address whether the trial court’s domicile determination was supported by competent substantial evidence.