GERBER, J.
The bank appeals from the Broward County circuit court’s non-final order granting the second successor trustee’s motion to disburse the proceeds from the sale of the settlor’s home. The bank argues that the Broward County court violated the principle of priority when it ordered the disbursement because the sale proceeds already were the subject of the bank’s earlier-filed declaratory judgment action filed in the Palm Beach County circuit court. We agree with the bank’s argument and reverse.
The bank filed a declaratory judgment action in the Palm Beach County circuit court. The bank’s amended complaint alleged as follows. The settlor owned a Palm Beach County home which was encumbered by the bank’s mortgage. The settlor transferred the home to herself as the trustee of her trust. After the settlor died, the successor trustee continued paying the mortgage for a time. Then, without the bank’s consent, the successor trustee sold the home. The successor trustee’s attorney, acting as the settlement agent, received the sale proceeds. The bank demanded that the successor trustee direct his attorney to disburse the sale proceeds to the bank, but the successor trustee refused to do so. The bank sought an order directing the successor trustee and the successor trustee’s attorney to disburse the sale proceeds to the bank.
After the bank filed its declaratory judgment action in Palm Beach County, a trust beneficiary filed an action in Broward County to discharge the successor trustee. The Broward County court granted the motion and appointed the second successor trustee. The second successor trustee then filed a motion in the Broward County court to compel the first successor trustee’s attorney to tender the sale proceeds to the second successor trustee.
Shortly thereafter, the first successor trustee’s attorney filed in the bank’s Palm *1070 Beach County action a motion for leave to deposit the sale proceeds with the Palm Beach County court. The motion alleged that the first successor trustee’s attorney was the subject of competing claims to the sale proceeds by the bank and the second successor trustee.
Before the Palm Beach County court could hear the first successor trustee’s motion to deposit the sale proceeds, the Bro-ward County court heard the second successor trustee’s motion to tender the sale proceeds. The bank appeared at the hearing for the limited purpose of contesting the Broward County court’s possible exercise of jurisdiction over the sale proceeds. The bank told the Broward County court that it objected to the sale proceeds “being essentially taken from the subject matter” of the Palm Beach County action. The first successor trustee’s attorney told the Broward County court of his pending motion to deposit the sale proceeds in the Palm Beach County court due to the conflicting claims. The first successor trustee’s attorney also told the Broward County court: “[I]t’s ultimately going to be decided in the Palm Beach County case who is entitled to that money and what will happen with it.”
The Broward County court entered an order granting the second successor trustee’s motion and directing the first successor trustee’s attorney to disburse the sale proceeds to the second successor trustee.
This appeal followed. The bank argues that the Broward County court violated the principle of priority when it ordered the disbursement because the sale proceeds already were the subject of the bank’s declaratory judgment action in the Palm Beach County court. We review the Broward County court’s decision to proceed with the hearing on the motion to tender the sale proceeds for an abuse of discretion. Cf. Parker v. Estate of Bealer, 890 So.2d 508, 512 (Fla. 4th DCA 2005) (“Absent extraordinary circumstances ... a trial court abuses its discretion when it fails to respect the principle of priority.”) (citation and quotations omitted).
We agree with the bank’s argument. The bank’s Palm Beach County action will decide whether the bank or the trust is entitled to the sale proceeds. Because the Palm Beach County court’s jurisdiction attached first to the disposition of the sale proceeds, the Broward County court violated the principle of priority by ordering the disbursement of the sale proceeds. See Parker, 890 So.2d at 512 (“[W]here two courts have concurrent jurisdiction of a cause of action, the first court to exercise jurisdiction has the exclusive right to hear all issues or questions arising in the case.”) (citation and quotations omitted). The Broward County court should have stayed action on the second successor trustee’s motion until the resolution of the Palm Beach County action.
Based on the foregoing, it is unnecessary to consider the bank’s other arguments on appeal. We reverse the Bro-ward County court’s order granting the second successor trustee’s motion to disburse the sale proceeds. We remand with instructions for the Broward County Court to order the second successor trustee to return the sale proceeds to the first successor trustee’s attorney to hold in escrow pending the Palm Beach County court’s determination of the first successor trustee’s attorney’s motion to deposit the sale proceeds with the Palm Beach County court.

Reversed and remanded for proceedings consistent with this opinion.

DAMOORGIAN, C.J., and CONNER, J., concur.