DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL D. TOTH** and **LINAWATI TOTH**,
Petitioners,

v.

**EUGENE W. TOTH, MARIE TOTH,** and **BRYAN E. TOTH,**
derivatively on behalf of
**LEARNING SCIENCES INTERNATIONAL, LLC,**
Respondents.

No. 4D22-2628

[April 12, 2023]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley, Judge; L.T. Case No. 2021CA003506AI.

John R. Hart, Dean A. Morande, and Alexandra D. Blye of Carlton Fields, P.A., West Palm Beach, for petitioners.

Stuart N. Kaplan and Thomas J. Ali of The Law Offices of Stuart N. Kaplan, P.A., Palm Beach Gardens, for respondents.

GERBER, J.

The petitioners, who are the plaintiffs in an earlier-filed Pennsylvania action, seek certiorari review of the circuit court's order denying their renewed motion to stay the respondents' later-filed Florida action. The petitioners argue the circuit court's order departed from the essential requirements of law because the respondents' later-filed Florida action seeks relief which, if granted, would conflict with trial court orders already entered in the petitioners' favor in their earlier-filed Pennsylvania action, thereby causing them irreparable harm.

We agree with the petitioners' argument, and therefore grant their petition for writ of certiorari. In the following two sections, we will provide the applicable law and our reasoning.

## _**Applicable Law**_

The denial of a motion to stay an action pending resolution of a related case is subject to certiorari review. _REWJB Gas Invs. v. Land O'Sun Realty, Ltd._, 645 So. 2d 1055, 1056 (Fla. 4th DCA 1994). That is because "exposure to a potential inconsistent ruling on the same issue by another court constitutes irreparable harm." _Inphynet Contracting Servs., Inc. v. Matthews_, 196 So. 3d 449, 463 (Fla. 4th DCA 2016); _see also Bared & Co. v. McGuire_, 670 So. 2d 153, 156 (Fla. 4th DCA 1996) (the two indispensable ingredients to common law certiorari when sought to review pretrial orders of the circuit courts are: "(1) irreparable injury to the petitioner that cannot be corrected on final appeal[,] (2) caused by a departure from the essential requirements of law").

As a matter of comity, a Florida court has discretion to stay "a proceeding pending before it on the grounds that a case involving the same subject matter and parties is pending in the court of another state." _Bedingfield v. Bedingfield_, 417 So. 2d 1047, 1050 (Fla. 4th DCA 1982). "Absent extraordinary circumstances, a trial court abuses its discretion when it fails to respect the principle of priority." _Perelman v. Estate of Perelman_, 124 So. 3d 983, 986 (Fla. 4th DCA 2013) (citation omitted). "This does not mean that a trial court must always stay proceedings when prior proceedings involving the same issues and parties are pending before a court in another state, but only that _ordinarily_ this should be the result." _Id._ (citation, brackets, and quotation marks omitted). The exceptional circumstances which may support denying a stay include, for example, time-sensitive cases involving child custody, visitation, and support, or probate issues. _See, e.g., Maraj v. Maraj_, 642 So. 2d 1103, 1104 (Fla. 4th DCA 1994) (child custody, visitation, and support); _Parker v. Estate of Bealer_, 890 So. 2d 508, 512 (Fla. 4th DCA 2005) (probate).

"In applying the principle of priority, the pivotal question is whether the second-filed action is sufficiently similar in parties and issues as to be unnecessarily duplicative of the prior-filed proceeding." _Inphynet_, 196 So. 3d at 464 (citation omitted).

However, the principle of priority does not "require an absolute identity of parties between the two actions" to justify entering a stay. _Id._ at 464-65 (citations omitted). Nor does the principle of priority require that causes of action be identical to justify a stay of the second-filed action. _Fedorov v. Citizens State Bank_, 24 So. 3d 1227, 1229 (Fla. 3d DCA 2009). Rather, "it is sufficient that the two actions involve a single set of facts and that resolution of the [earlier-filed] case will resolve many of the issues

involved in the subsequently filed case." *Id.* (citation, other brackets, and quotation marks omitted).

### *Our Reasoning*

Applying the foregoing law to the instant case, we conclude the Florida court departed from the essential requirements of law, causing irreparable harm to the petitioners, when it denied their renewed motion to stay the respondents' later-filed Florida action.

The parties in both the petitioners' earlier-filed Pennsylvania action and the respondents' later-filed Florida action are virtually the same. The petitioners are the plaintiffs in the Pennsylvania action and the defendants in the Florida action. The respondents are the defendants in the Pennsylvania action and the plaintiffs in the Florida action. The only difference is that, in the Pennsylvania action, the respondents are named as defendants in their individual capacities, while in the Florida action, the respondents brought their action derivatively on behalf of a limited liability company ("the LLC") which is at the center of the parties' dispute.

However, we do not consider this difference to be material, because the operative issue at the core of both actions is whether the petitioners or the respondents are entitled to control the LLC. This issue already has been heavily litigated in the petitioners' earlier-filed Pennsylvania action, and the respondents are seeking to re-litigate this issue in their later-filed Florida action. For example:

- In the earlier-filed Pennsylvania action, the court already has entered summary judgment orders finding that a 2012 operating agreement espoused by the petitioners is controlling, while an alleged operating agreement espoused by the respondents is void ab initio. Notwithstanding those orders, the respondents' later-filed Florida action requests the Florida court to declare that the alleged 2021 operating agreement is controlling.

- In the earlier-filed Pennsylvania action, the court already has entered an order holding that because the members are irretrievably deadlocked, the LLC is to be dissolved, for which the court already has appointed a liquidating trustee. Likewise, when the respondents appealed that dissolution order, the Pennsylvania court appointed a custodian to preserve the LLC's assets and protect its rights. Notwithstanding those orders, the respondents' later-filed Florida action requests the Florida court to appoint a receiver to

3

perform the same function already being performed by the Pennsylvania-appointed custodian.

The respondents have argued their later-filed Florida action was necessary to preserve their objection to the Pennsylvania court's jurisdiction. However, the Pennsylvania court already has entered an order determining it has personal jurisdiction over the respondents. The respondents' route for seeking relief from that order was through the Pennsylvania appellate process, not through the later-filed Florida action.

### *Conclusion*

In sum, the relief which the respondents seek in the later-filed Florida action, if granted, would conflict with one or more orders already entered in the earlier-filed Pennsylvania action, the existence of which would constitute irreparable harm to the petitioners. Thus, the Florida circuit court departed from the essential requirements of the law in denying the petitioners' renewed motion to stay the later-filed Florida action. The circuit court should have entered an order staying the later-filed Florida action until a final judgment is entered and any appeals are exhausted in the earlier-filed Pennsylvania action. *See Inphynet*, 196 So. 3d at 464 ("Principles of comity between sovereigns suggest that a court of one state should stay a proceeding pending before it on grounds that a prior-filed case involving substantially the same subject matter and parties is pending in another state's courts.") (citation omitted).

Based on the foregoing, we grant the petition for writ of certiorari and quash the circuit court's order denying the petitioners' renewed motion for stay. On remand, we direct the circuit court to enter an order granting the petitioners' renewed motion for stay, which order shall provide that the later-filed Florida action shall remain stayed until a final judgment is entered and any appeals are exhausted in the earlier-filed Pennsylvania action.

*Petition granted; remanded with directions.*

CIKLIN and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4