ON MOTION FOR STAY
PER CURIAM.
White Construction Company, Inc., has appealed an order issued by the Department of Transportation pursuant to Section 337.16(l)(b), Florida Statutes (1987), which suspended for four days White’s certificate of qualification to bid. Appellant seeks to stay that order, relying on section 120.68(3) which provides that when an order has the effect of suspending or revoking a license, a stay may be granted as a matter of right. White argues that the agency has announced its intention to find it delinquent on another project and such a finding would cause an automatic three-month suspension pursuant to section 337.16(l)(c).
Appellee has responded in opposition to the stay. First, appellee points out that section 337.167(1) expressly states that a certificate such as is involved in this case is not á license for purposes of Florida’s Administrative Procedure Act. Second, appel-lee argues that the potential three-month suspension for a “second offense” is speculative at this point and not adequate grounds for issuance of a stay.
We deny the motion to stay. Section 337.167(1) is somewhat ambiguous because in its first sentence it clearly states a certificate is not a license as defined in chapter 120. It then goes on in the second sentence, however, to state that “the denial or revocation, of a certificate is not subject to the provisions of ... § 120.68(3)” (the stay as a matter of right provision). In the instant case, the order on appeal is a suspension, not a denial or revocation. Whether the omission of “suspension” from the second sentence of section 337.167(1) was deliberate or inadvertent cannot be determined and we have found no case authority construing this statutory provision. Nevertheless, based on the first sentence of that subsection, it appears the “automatic” stay provisions of § 120.68(3) are inapplicable in this case and therefore appellant must otherwise show proper grounds for issuance of the stay. The motion is facially insufficient in that regard as there is no showing of appellant’s likelihood of prevailing on appeal, irreparable harm to movant if the motion is not granted, or showing that a stay would be in the public interest. Belcher v. Birmingham Trust National Bank, 395 F.2d 685 (5th Cir.1968).
As to the issue of the potential for a three-month suspension if there is a “second offense”, if and when such an order is ever issued, appellant may then move to stay its enforcement.
Motion denied.
SMITH, C.J., and JOANOS and ZEHMER, JJ., concur.