PER CURIAM.
Defendants, Gladys Perez, M.D. and Amarilis Vazquez, M.D. (“defendants”), appeal two lower court orders granting the defendants’ former employer, Humana Medical Plan, Inc. (“Humana”), a temporary injunction arising out of a non-compete agreement. We affirm the first temporary injunction and reverse the second temporary injunction.
The first order under review is a temporary injunction enjoining the defendants from working within a five-mile radius of Humana’s Northwest Clinic pursuant to a non-compete agreement. The second order extended the geographic area of the first temporary injunction to include any entity which operates a business within the five-mile radius that competes with Huma-na, regardless of the fact that the defendants’ actual place of employment would be outside the five-mile radius.
As a result of this modification, the defendants were enjoined from working for their current employer, the Institute of Health Clinic (“IHC”), located one-fifth of *2 a mile outside the five-mile limit of the non-compete agreement because IHC also maintains a separate clinic within the five-mile radius.
The non-compete agreement states: Upon termination of this agreement for any reason, [employee] shall not directly or indirectly engage in, or have any interest in, any person, partnership, corporation, or any other entity ... that competes with any business interest of Employer, which lies within a five (5) mile radius of any Medical Center at which [employee] practiced during the twelve (12) months prior to termination of this agreement, for a period of one (1) year from the date of termination of this Agreement, or during such shorter period of time as Employer or its successor in interest may be engaged in such business interests within any portion of that area....
The clear language of the non-compete provision mandates that the defendants not compete from a location within the five-mile radius only. “Contracts of an employee not to engage in a competing business, being in the nature of contracts in restraint of trade and personal liberty, will not be construed to extend beyond their proper import, or further than the language of the contract absolutely requires.” See Storz Broadcasting Co. v. Courtney, 178 So.2d 40 (Fla. 3d DCA 1965). See also Marengo v. Property Management Inc. of South Florida, 472 So.2d 1388 (Fla. 4th DCA 1985)(same); Zimmer v. Pony Express Courier Corp. of Florida, 408 So.2d 595 (Fla. 2d DCA 1981)(same). As the defendants’ current place of employment is outside the restricted five-mile radius, the second injunction is overly broad.
Accordingly, the injunction prohibiting the defendants from working within the five-mile geographical area is affirmed and the injunction prohibiting the defendants from being employed outside the restricted geographical area is reversed.
Affirmed in part, reversed in part, and remanded.