STEVENSON, J.
 

 Practice Partners, Inc., Physician Wellness Products, LLC, Assurance Financial Partners, LLC, and Prescription, Partners, LLC (collectively “Practice Partners”) filed a seven-count complaint against the defendants, 4UOrtho, LLC, Randy Far-well, Kim Williams, and Paul Butler, followed by a motion seeking a temporary injunction. Practice Partners asserted that 4UOrtho breached a restrictive covenant by hiring Practice Partners’ employees and using confidential information to emulate Practice Partners’ business model. After an evidentiary hearing, the trial court granted temporary injunctive relief. We find no error with regard to the trial court’s decision to enter the temporary injunction, but reverse and i*emand as a portion of the order is vague and requires clarification.
 

 Practice Partners provides orthopedic physicians and their practices with administrative support in managing their workers’ compensation prescription claims receivable and other services. 4UOrtho is a competitor of Practice Partners in this niche industry. On March 20, 2007, in anticipation of a March 27, 2007 meeting regarding the possibility of engaging in a joint venture, Practice Partners and 4UOr-tho entered into a confidentiality agreement. In pertinent part, the confidentiality agreement specified that the obligations of confidentiality would survive for a period of five years following its date of termination. Additionally, it provided that “[njeither party shall solicit, employ nor contract the other party’s employees during, or for one (1) year after termination of this Agreement, except with the prior written consent of the other party.”
 

 Several days after the March 27, 2007 meeting, Farwell, then vice-president of Practice Partners, called Butler, the president of 4UOrtho, to inform him that Practice Partners had decided not to engage in the joint venture after all. Here, though, we find that the trial court correctly interpreted the confidentiality agreement to require written termination; thus, Farwell’s oral attempt to terminate was ineffective.
 
 See WSOS-FM, Inc. v. Hadden,
 
 951 So.2d 61, 64 (Fla. 5th DCA 2007) (explaining that oral termination of an agreement requiring written termination is only acceptable when the parties agree to waive the requirement of written termination).
 

 In early May of 2008, Farwell and Williams both resigned from their positions at Practice Partners, only to be hired several days later by 4UOrtho. Two months later, Elaine Morgan, a non-party to this lawsuit, also resigned from Practice Partners and accepted a position with 4UOrtho. Consequently, on August 7, 2008, Practice Partners filed its complaint, including claims for injunctive relief. In response, then-counsel for 4UOrtho provided a written termination of the confidentiality agreement to Practice Partners
 
 *43
 
 on August 27, 2008. Practice Partners sought a temporary injunction, and three evidentiary hearings took place, after which, the trial court entered an order temporarily enjoining 4UOrtho from: employing Farwell, Williams, Morgan or any other current or past employee of Practice Partners until August 27, 2009; disclosing any confidential information until August 27, 2014; soliciting any practices which are current or prospective clients of Practice Partners and its affiliates; and offering employment or otherwise soliciting employment to any past Practice Partners employee under a non-compete agreement or any current Practice Partners employee until August 27, 2009.
 

 Prior to starting work at Practice Partners, Williams had signed a non-compete agreement, wherein she agreed not to compete with Practice Partners for a period of two years after she decided to terminate her employment there. Notably, Farwell and Morgan did not sign similar agreements. Thus, the trial court’s order enjoined Williams more so than the other defendants, but also limited her restriction by ordering her not to work for any competitors of Practice Partners within twenty miles of any Practice Partners office for two years from the date of her resignation.
 
 See Perez v. Humana Med. Plan, Inc.,
 
 771 So.2d 1, 2 (Fla. 3d DCA 2000) (“ ‘Contracts of an employee not to engage in a competing business, being in the nature of contracts in restraint of trade and personal liberty, will not be construed to extend beyond their proper import (quoting
 
 Storz Broad. Co. v. Courtney,
 
 178 So.2d 40, 42 (Fla. 3d DCA 1965))). We affirm the portion of the injunction regarding Williams without further discussion, but write to address a portion of the injunction applicable to all of the defendants.
 

 To establish that an agreement itself is lawful and enforceable, a party must “ ‘plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant.’ ”
 
 USI Ins. Servs. of Fla. Inc. v. Pettineo,
 
 987 So.2d 763, 766 (Fla. 4th DCA 2008) (quoting § 542.335(1)(b), Fla. Stat.). Once the proponent of the injunction has established that the restraint is reasonably necessary to protect a legitimate business interest, the burden shifts to the opposing party to establish that the agreement is overbroad or otherwise not reasonably necessary.
 
 Id.
 
 A trial court’s ruling on a motion for a temporary injunction shall not be overturned absent a clear abuse of discretion.
 
 JonJuan Salon, Inc. v. Acosta,
 
 922 So.2d 1081, 1083 (Fla. 4th DCA 2006). In the instant case, the trial court expressly noted three legitimate business interests the confidentiality agreement intended to protect: (i) Practice Partners’ substantial relationships with existing or prospective clients; (ii) Practice Partners’ trade secrets and/or confidential business information; and (iii) Practice Partners’ investment in providing employees with specialized training.
 

 Nonetheless, “one against whom [an injunction] is directed should not be left in doubt about what he is to do.”
 
 Pizio v. Babcock,
 
 76 So.2d 654, 655 (Fla.1954);
 
 see also
 
 § 542.335(1)(c), Fla. Stat. (2008); Fla. R. Civ. P. 1.610(c). On appeal, 4UOrtho contends that the portion of the injunction preventing it “from soliciting any practices which are current or prospective clients of Practice Partners and the PPI affiliates,” is vague or over-broad. We agree and first direct the trial court to amend this portion of the injunction by defining prospective clients.
 
 See Angelino v. Santa Barbara Enters., LLC,
 
 2 So.3d 1100, 1104 (Fla. 3d DCA 2009) (reversing entry of temporary injunction because vague language rendered the injunction overly broad). We note that, at
 
 *44
 
 the evidentiary hearing, Williams testified about certain specific prospective clients of Practice Partners, and suggest that such testimony may help the trial court define “prospective clients.” Secondly, we direct the trial court to apply a time restriction to this portion of the order as well.
 
 See Envtl. Servs., Inc. v. Carter,
 
 9 So.3d 1258, 1263 (Fla. 5th DCA 2009) (citing § 542.335(1)(d), Fla. Stat. (2005)) (noting that restrictive covenants are valid if reasonable in time, area, and line of business).
 

 Affirmed in
 
 pari,
 
 reversed in part, and remanded.
 

 MAY and LEVINE, JJ., concur.