On Motion for Stay
LOGUE, J.
Appellant, Sunbeam Television Corporation (“Sunbeam”), asks us to grant a stay pending appeal. In the alternative, Sunbeam asks us to issue a writ of mandamus.
The Florida Rules of Appellate Procedure envision that a motion for a stay on appeal be presented in the first instance to the trial court. See Fla. R.App. P. 9.310(a), (f) (2012). In order to prevail on such a motion, a party must establish: (1) a likelihood of success on the merits, and (2) a likelihood of harm absent the entry of a stay. Campbell v. Chitty, — So.3d(Fla. 1st DCA 2012); Perez v. Perez, 769 So.2d 389, 391 (Fla. 3d DCA 1999). The trial court’s decision is then subject to review by this Court under the highly deferential abuse of discretion standard. Parker v. Estate of Bealer, 890 So.2d 508, 512 (Fla. 4th DCA 2005). The idea is that the court most familiar with the controversy is in the best posture to determine the appropriateness and conditions of a stay. See City of Sarasota v. AFSCME Council ’79, 563 So.2d 830, 830 (Fla. 1st DCA 1990) (“Generally, the lower tribunal has broad discretion in the matter of a stay.”); see also Pabian v. Pabian, 469 So.2d 189, 191 (Fla. 4th DCA 1985) (“[T]he trial court has considerable latitude in controlling the circumstances under which the proceedings may be stayed pending review.”) (citation and internal quotations omitted).
Sunbeam asks us to rule on its stay request, based on the assertion that the stay request should be treated as denied because the trial court has not ruled on the request. Sunbeam asserts in the alternative that, because the trial court has yet to rule on its stay request, we should issue a writ of mandamus ordering the trial court to do so. We decline either alternative because the record reflects that Sunbeam still has avenues available to it to get this matter before the trial judge.[1] While we note that there have been rare instances in which this Court has considered stay re-1 *773 quests filed with the Court as an initial matter, pursuant to its jurisdiction under Florida Rule of Appellate Procedure 9.810(f) (2012), see, e.g., Perez v. Perez, 769 So.2d 389, 391 & n. 4 (Fla. 3d DCA 1999); Offerman v. Offerman, 643 So.2d 1184, 1184 & n. 1 (Fla. 5th DCA 1994), we decline to exercise that jurisdiction here.
For the reasons set forth above, we deny the appellant’s motion for stay and appellant’s motion for mandamus, without prejudice. In order to allow the appellant to obtain a ruling on its motion for stay pending before the trial court, however, we extend our temporary stay for thirty (30) days from the date of this order, or until the trial court has ruled on the motion for stay, whichever is sooner.

. For example, the circuit court docket reflects that this case was noticed on October 2, 2012, by Sunbeam’s opposing counsel for a status conference to take place before the trial] judge on October 10, 2012. I