PER CURIAM.
Appellants challenge the trial court’s final order directing the liquidation of trust assets and imposing monetary sanctions against Jeanne Chitty Campbell for breach of her fiduciary duty as trustee of the Jeannette Z. Chitty Revocable Trust, the Henry M. Chitty, Jr. Trust, and the Louise Zetrouer Trust. Appellants raise several issues on appeal; however, we write only to address the issues arising from the imposition of money judgments against Mrs. *10 Campbell. All other issues on appeal are affirmed without further comment.
In this case, the trial court awarded Appellee damages for Mrs. Campbell’s breach of the above-named trusts. However, the Jeannette Z. Chitty Revocable Trust contained an indemnification clause that held the trustee harmless from any damages or liabilities for the trustee’s actions or omissions as long as the trustee’s actions or omissions were not negligent. In this case, the trial court never made a finding that Mrs. Campbell’s actions as trustee of the Jeannette Z. Chitty Revocable Trust were negligent. Thus, all of the damages, including attorney’s fees, imposed for breach of this trust are reversed. On remand, the trial court is directed to make factual findings as to whether or not Mrs. Campbell’s actions rose to the level of negligence. The court may only award damages for the breach of the Jeannette Z. Chitty Revocable Trust if it finds that Mrs. Campbell’s actions were negligent.
The remaining money judgments imposed against Mrs. Campbell are also reversed. The trial court not only directed Mrs. Campbell to repay certain amounts to the trusts, but it also directed those amounts to be set off from Mrs. Campbell’s share of the trust. Thus, the trial court essentially awarded Appellee double recovery on all of the judgments. Accordingly, we reverse the remaining money judgments and remand for the trial court to enter an order directing Mrs. Campbell to repay the designated amounts or for those amounts to be set off against her share of the trust. Based on the reasoning in this opinion, we granted, by separate order, Appellant’s oral motion to stay the final judgment because liquidation of the real property is premature until the trial court can ascertain Appellant’s ultimate liability to the trust.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
DAVIS, THOMAS, and ROWE, JJ., concur.