PER CURIAM.
Appellant Maxine Lampert-Saeher has appealed a supplemental final judgment regarding time sharing entered in response to the second amended supplemental petition for modification filed by Mark Sacher, her former husband and appellee. Appellant’s motion for stay pending appeal was denied by the trial court. Appellant now files an emergency motion for stay in this court. We treat appellant’s motion as one seeking review of the trial court’s denial of a stay pursuant to rule 9.310(f), Florida Rules of Appellate Procedure.
This court applies an abuse of discretion standard in reviewing a lower tribunal’s order on a motion for stay. See Polar Ice Cream & Creamery v. Andrews, 159 So.2d 672 (Fla. 1st DCA 1964). The burden is on the movant to demonstrate such an abuse of discretion. A party seeking to stay the lower tribunal order pending appeal should demonstrate a likelihood of prevailing on appeal, irreparable harm to movant if the motion is not granted, or a showing that a stay would be in the public interest. See White Const. Co., Inc. v. Dept. of Transp., 526 So.2d 998 (Fla. 1st DCA 1988). Appellant has failed to meet this standard. In her motion, appellant argues that the trial court erred in finding a substantial change in circumstances and in concluding that the children’s best interest would be served by having them primarily reside with appellee. With this argument, appellant appears to have simply adopted a view of the facts different than the facts found by the trial court in its lengthy and detailed order. Despite discounting the evidence favorable to appel-lee, appellant has not shown at this point in the appellate process that any of the material facts found by the trial court are unsupported by the evidence, or that the trial court abused its discretion in denying a stay pending appeal.
Accordingly, we find no abuse of discretion and affirm the order of the trial court denying a stay.
WOLF, VAN NORTWICK, and ROWE, JJ., concur.