ON EMERGENCY MOTION FOR ■STAY OF INJUNCTION
PER CURIAM.
Appellant, Planned Parenthood of Greater Orlando, Inc. (“Planned Parenthood”), has filed an emergency motion seeking to stay a temporary injunction entered by the trial court. The underlying case involves the interpretation of a restrictive covenant. Because Planned Parenthood has demonstrated a likelihood of success on the merits and that it will be harmed absent a stay, we grant the motion.
Planned Parenthood is a nonprofit organization that operates three health centers in Central Florida. Recently, Planned Parenthood purchased property at 610 Oak Commons Boulevard in the Oak Commons Medical Park in Kissimmee, Florida. That property is subject to a Declaration of Restrictions containing a covenant that prohibits the property from being used as an “Outpatient Surgical Center” or a “Diagnostic Imaging Center,” unless such uses are “ancillary and incidental to a physician’s practice of medicine.” Appellee, MMB Properties (“MMB”), also owns property in the Oak Commons Medical Park.
Upon MMB’s request, the trial court entered an order temporarily enjoining Planned Parenthood from “directly or indirectly violating the Declaration of Restrictions at 610 Oak Commons, Kissimmee, Florida.” Specifically, the trial court stated that the violations included “but [were] not limited to the performance of surgical abortions and the provision of sonographic or other diagnostic imaging services.”
We review a trial court’s decision on a motion to stay for an abuse of discretion. See Sunbeam Television Corp. v. Clear Channel Metroplex, Inc., 117 So.3d *812 772, 772 (Fla. 3d DCA 2012). To obtain a stay, the moving party must establish “(1) a likelihood of success on the merits, and (2) a likelihood of harm absent the entry of a stay.” Id. (citing Campbell v. Chitty, 131 So.3d 9 (Fla. 1st DCA 2012); Perez v. Perez, 769 So.2d 389, 391 (Fla. 3d DCA 1999)). We believe that Planned Parenthood has proved both.
First, it is apparent that the trial court erred as a matter of law when it enjoined Planned Parenthood from providing sonographic and other diagnostic imaging services because MMB never requested this relief in its pleadings or in its motion for temporary injunction. See, e.g., Cortina v. Cortina, 98 So.2d 334, 337 (Fla.1957) (holding that an order that adjudicates issues not raised in the pleadings is voidable on appeal); Cardinal Inv. Grp., Inc. v. Giles, 813 So.2d 262, 263 (Fla. 4th DCA 2002) (holding that trial court erred in granting injunctive relief that was not requested by the parties).
Likewise, Planned Parenthood is likely to succeed on the merits regarding the portion of the injunction that prevents it from providing surgical procedures. The Declaration of Rights allows surgery to occur in the Oak Commons Medical Center so long as it is “ancillary and incidental to a physician’s practice of medicine.” The trial court found that Planned Parenthood is not a “physician’s practice” because it is a § 501(c)(3) tax-exempt nonprofit organization. Simply because an organization chooses to obtain nonprofit status does not mean that it is not a physician’s practice. The trial court’s other findings with respect to this issue are similarly unsupported by the record. When examining the record as a whole, including the affidavits Planned Parenthood filed in support of its motion for rehearing, there is a likelihood that Planned Parenthood will prevail on appeal, either because it is not an Outpatient Surgical Center or, even if it is, the surgeries it performs are ancillary to a “physician’s practice.”[1]
Lastly, we note that Planned Parenthood has sufficiently proved that it will suffer harm absent a stay.
MOTION GRANTED.
EVANDER, COHEN, and LAMBERT, JJ., concur.

. We also agree with Planned Parenthood that the "including but not limited to” language renders the order vague; thus, the order does not adequately put Planned Parenthood on notice of what is prohibited. See, e.g., 4UOrtho, LLC v. Practice Partners, Inc., 18 So.3d 41, 43 (Fla. 4th DCA 2009) ("[0]ne against whom [an injunction] is directed should not be left in doubt about what he is to do.” (quoting Pizio v. Babcock, 76 So.2d 654, 655 (Fla.1954))).