IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

VICTOR G EVERETT,

     Appellant,

v.

SARAH K EVERETT,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED.

CASE NO. 1D16-2387

Opinion filed July 1, 2016.

An appeal from the Circuit Court for Okaloosa County.
Mary Polson, Judge.

Victor G Everett, pro se, Appellant.

Curtis W. Brannon of Curtis W. Brannon, P.A., Crestview, for Appellee.

PER CURIAM.

Appellant seeks an emergency stay of an order granting the former wife's eighth motion for contempt. We treat the motion as a motion for review of the lower tribunal's order denying stay, see Fla. R. App. P. 9.310(f), and affirm.

The lower tribunal granted the former wife's eighth motion for contempt for non-payment of child support. The court found that appellant had failed to pay any child support since January 29, 2016, other than a court-ordered purge that came

about after the former wife filed her seventh motion for contempt, and that he is currently $21,607 in arrears. The court found that appellant has had the ability to pay and continues to have the ability to pay child support as ordered from his VA disability pay, which he testified was currently $3,220 a month. The court sentenced appellant to 120 days in the county jail, suspending the sentence for three days for appellant to pay a purge of $4,000. The court found appellant had the present ability to pay the purge from his disability pay, which he had not used to pay any child support since the last court-ordered purge. The court then summarily denied appellant's motion to stay the order. Although appellant subsequently transmitted to this court a pick up and commitment order, this court has received no indication that appellant is currently incarcerated, and appellant has not requested release.

In deciding the motion for stay, the lower tribunal was to consider the likelihood of prevailing on appeal and irreparable harm to the appellant if the motion is not granted. See White Constr. Co., Inc. v. State, Dep't of Transp., 526 So. 2d 998, 999 (Fla. 1st DCA 1988). We review the lower tribunal's decision on the motion to stay under the "highly deferential" abuse of discretion standard. See Sunbeam Television Corp. v. Clear Channel Metroplex, Inc., 117 So. 3d 772, 772 (Fla. 3d DCA 2012). "The idea is that the court most familiar with the controversy

is in the best posture to determine the appropriateness and conditions of a stay."

Id.

Appellant argues that the lower tribunal improperly ruled on the motion for contempt without first hearing his pending petition for modification and that it did not make a detailed showing that appellant could afford the purge. But counsel for the former wife responds that appellant filed two petitions for modification, in 2012 and in 2014, seeking to modify his child support based on a reported increase in the number of nights the children spent with him. Since filing the petitions, he has failed to file the proper financial disclosure, set mediation, or get the petitions to a hearing. Appellant has made only two child support payments since January of 2015, when he paid less than the monthly amount, and then in February of this year under threat of arrest. Further, appellant's income has actually increased slightly since entry of the original marital settlement agreement. Based on the above facts and history, we find no abuse of discretion in the lower tribunal's order denying the stay.

B.L. THOMAS, WETHERELL, and WINSOR, JJ., CONCUR.