# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing

_____

No. 3D26-0622
Lower Tribunal No. 21-5636-GD-02
_____

**Arys Rene Cabrera**,
Petitioner,

vs.

**Lilian Guadalupe Cabrera Rubio, etc., et al.**,
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Arys Rene Cabrera, in proper person.

Anna Christine Fernandez; Mercedes Maria Sellek; Merling Barbara Amaro; Max Gabriel Soren; Irama Valdes; Christin Coleman Gallardo, for respondents.


Before SCALES, C.J., and MILLER and GOODEN, JJ.

<u>On Petitioner's Emergency Motion for Stay of Proceedings Below and Proposed Statement of Evidence or Proceedings</u>

SCALES, C.J.

This matter is before us on self-represented Petitioner Arys Rene Cabrera's April 1, 2026 Emergency Motion for Stay of Proceedings Below (the "stay motion"). We deny the stay motion because Petitioner has not first sought stay relief in the lower court as required by Florida Rule of Appellate Procedure 9.310(a)[1] and, *sua sponte*, we strike Petitioner's unilateral Proposed Statement of Evidence or Proceedings.

## I.      Relevant Background

On March 25, 2026, Petitioner filed a petition in this Court seeking certiorari review of the guardianship court's February 26, 2026 omnibus order captioned, "Post Hearing Order Resulting From Status Conference on Pending Filings" (the "Order"). It appears that the guardianship court rendered the Order after conducting a February 26, 2026 hearing on the Zoom platform during which several motions were heard.

---

[1] "**Application in Lower Tribunal.** Except as provided by general law and in subdivision (b) of this rule, *a party seeking to stay a final or nonfinal order pending review first must file a motion in the lower tribunal*, which has continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both." Fla. R. App. P. 9.310(a) (emphasis added).

Based on the limited record before us, and from our review of the lower court docket, it appears that, in 2022, Petitioner was successful in having the ward, Petitioner's stepmother Silvia Cabrera ("Sylvia"), declared incapacitated and in need of a plenary guardian. But it appears that Petitioner, notwithstanding his numerous attempts over the past four years, has been unsuccessful in having himself named Sylvia's plenary guardian. Two lower courts each entered orders that selected Sylvia's niece, Lilian Cabrera Rubio ("Lilian"), to serve as Sylvia's plenary guardian.[2]

Initially, Petitioner was represented by counsel in these proceedings (David Kessler, Esq.). It appears, however, that as of December 23, 2025 (the date Petitioner filed his most recent adversary petition to remove Lilian as Sylvia's guardian) (the "December 23 petition"), Mr. Kessler apparently no longer represented Petitioner and Petitioner began to make *pro se* filings in the guardianship action. Since his December 23 petition, Petitioner has filed additional *pro se* petitions, motions, and notices in this case. The lower

---

[2] While our record is limited, it appears that in lower tribunal case number 2021-6581-MH-02, the mental health court entered a June 2, 2022 order determining that Sylvia needed a plenary guardian and that Lilian was best suited to serve in that capacity. In a January 17, 2023 order, it appears that the guardianship court in the instant case came to the same conclusion.

court docket reflects that the guardianship anticipates over $10,000 in legal fees to defend against Petitioner's *pro se* filings.

On February 26, 2026, the guardianship court held the status conference at which several of Petitioner's pending motions and his December 23 petition were heard, after which the lower court entered the challenged Order. The Order denied Petitioner's December 23 petition and made the following findings/conclusions regarding Petitioner:

8. The Court finds that Arys Rene Cabrera has engaged in successive, unsupported, and nonsensical filings that have increased judicial labor and unnecessarily depleted guardianship assets.

9. The Court finds that continued *pro se* filings by Arys Rene Cabrera, if left unrestricted, present a risk of further waste of guardianship resources and unnecessary burden on the Court.

10. Accordingly, any future pleadings, motions, or papers filed by Arys Rene Cabrera in this case must be filed through a licensed Florida attorney.

11. In the alternative, should Arys Rene Cabrera seek to file any additional pleadings or papers *pro se*, he shall first be required to post a bond in the amount of seventy-five thousand dollars ($75,000.00) for each pleading or paper, and file proof of such bond with the pleading, as security for costs, fees, and the protection of guardianship assets.

Then, still self-represented, Petitioner sought certiorari review of the Order in this Court. Filed contemporaneously with the certiorari petition was

4

an appendix that contained few relevant documents to assist this Court in its review of the challenged Order.

In order to determine this Court's jurisdiction and to help us conduct a preliminary evaluation of the merits of the petition before ordering a response, we ordered Petitioner to file a transcript of the February 26th status conference. Petitioner responded not by filing a transcript, but by filing a unilateral Proposed Statement of Evidence or Proceedings (the "proposed statement"). In his proposed statement, Petitioner asserts that the guardianship court's Order restricting his ability to make *pro se* filings has made it impossible for him to comply with the procedures of Florida Rule of Appellate Procedure 9.200(b)(5).[3]

Contemporaneously with the filing of his proposed statement, Petitioner, without first seeking stay relief in the lower court, filed the stay motion. Petitioner's stay motion asserts that the portion of the Order restricting his ability to make *pro se* filings has made it impossible for him to

---

[3] This rule provides that, if no transcript is available, a party may prepare a statement of the evidence or proceedings. Before filing it with the trial court, the party must serve the statement on all other parties who may serve objections to the statement. The statement, objections and proposed amendments are then filed in the trial court for approval. Fla. R. App. P. 9.200(b)(5).

comply with rule 9.310(a)'s requirement that a party seeking stay relief must first seek a stay in the lower court.

## II. Analysis

### A. The stay motion

Rule 9.310(a) plainly and unequivocally requires a party seeking to stay an order on review in this Court to first seek stay relief in the lower court. We recognize that there have been instances where appellate courts may have issued a stay to preserve the status quo, without a party having sought stay relief in the lower court first. See Sunbeam Television Corp. v. Clear Channel Metroplex, Inc., 117 So. 3d 772, 772-73 (Fla. 3d DCA 2012) (discussing the ability of the appellate court in rare instances to issue stay relief in the first instance, though declining to do so). Given the guardianship court's findings in the Order and the circumstances of this case, though, we decline to waive the clear requirements of rule 9.310(a).

The Order expressly finds that Petitioner's *pro se* filings in this case have been "successive, unsupported, and nonsensical . . . and unnecessarily depleted guardianship assets." While we do not, at this stage, adjudicate Petitioner's challenge to these findings (see footnote 5, below), they do appear borne out by our review of the lower court docket.

One of the overarching purposes of the Florida Guardianship Law is to protect guardianship assets to benefit the ward. See § 744.1012(3), Fla. Stat. (2026); Ash v. Ash, No. 3D24-1310, 2026 WL 758993, at *2 (Fla. 3d DCA Mar. 18, 2026) ("In enacting the guardianship statutes, the Florida Legislature articulated that the protection of wards and management of their financial resources are the polestar in such proceedings."). Our allowing Petitioner to bypass rule 9.310(a)'s requirement of first seeking stay relief in the lower court – essentially hearing the stay motion in the first instance – would compel both a response from the guardian (who, unlike Petitioner, is required by Florida Probate Rule 5.030(a) to appear through counsel) and the resulting expenditure of limited guardianship assets for attorney's fees. Thus, after careful consideration, we decline Petitioner's invitation to waive rule 9.310(a)'s requirement that a party first seek stay relief in the lower tribunal, and deny the stay motion without prejudice to Petitioner first seeking relief in the guardianship court.

We recognize that, as a practical matter, given the Order's ruling regarding Petitioner's status as a *pro se* filer, our ruling will require Petitioner either to hire counsel or post the required bond to obtain the guardianship

7

court's adjudication of the stay motion.[4] In our estimation, though, the circumstances presented in this guardianship case do not warrant our discretionary waiver of the requisites of rule 9.310(a).

B. The proposed statement

We ordered Petitioner to provide this Court with a transcript of the February 26th status conference resulting in the rendition of the challenged Order. Asserting that a transcript is unavailable, and presumably relying upon rule 9.200(b)(5), Petitioner instead submitted the proposed statement which essentially amounts to a unilateral recounting of his observations of the hearing.

As summarized in footnote 3, above, rule 9.200(b)(5) provides a mechanism for appellate litigants to supplement the record with an alternative to a transcript, if a transcript is unavailable. Petitioner's proposed statement neither was submitted to the respondent guardian for objection or amendment, nor was it submitted to the trial court for approval, as required by rule 9.200(b)(5). In his proposed statement, Petitioner maintains that the

---

[4] We do not know whether Petitioner can afford legal counsel or whether he simply chooses to proceed *pro se*. The homepage of this Court's website, https://3dca.flcourts.gov, contains information about resources available to self-represented parties.

Order limiting his self-representation presents him with a practical impossibility, by preventing him from complying with the rule's requirements.

While we are not unsympathetic to Petitioner's predicament, we have been cited no authority for the proposition that a party may, in lieu of a transcript of a proceeding, supplement the record with a party's unilateral statement of recollection of the proceeding. We therefore decline Petitioner's invitation to waive rule 9.200(b)(5)'s requirements for a Statement of Evidence or Proceedings and we, *sua sponte*, strike the proposed statement.

Stay motion denied without prejudice to Petitioner first seeking stay relief in the lower court; proposed statement stricken.[5]

So ordered.

---

[5] Obviously, because this Court has not, and ultimately may not, reach its merits, nothing in this opinion should be construed as adjudicating any portion of Petitioner's certiorari petition challenging the Order.